2271.  CENTRAL OF GEORGIA RAILWAY CO. *v.* BUTLER.

1. The court did not err in refusing to award a nonsuit. The evidence was sufficient to authorize the jury to infer that the plaintiff's injury was attributable to the negligent act of a person in the employment of the railroad company; which would raise the statutory presumption of negligence on the part of the company (Civil Code of 1895, § 2321).

2. Even if there had been no statutory presumption of negligence, it would have been proper for the court to submit to the jury the circumstance that the instrument which caused the plaintiff's injury was in the control and under the management of the defendant, and to allow the jury to determine, from the circumstances under which the casualty occurred, whether the defendant had satisfactorily explained the occurrence and rebutted the inference of negligence arising from the event, if indeed

negligence could be inferred from the nature of the occurrence. In any case where the inference of negligence may as well be drawn as the inference that the casualty resulted from accident, it is error to award a nonsuit. Even if the explosion of a tank used to hold Pintsch gas is not such an unusual occurrence as to support the inference that an injury resultant from the explosion was due to the negligence of the defendant's servants having the tank in charge and engaged in repairing it, the evidence in behalf of the plaintiff showed that he was himself free from fault, and that the injury was inflicted upon him by the acts of others in the employment of the defendant railroad company. This raised the presumption that the defendant was negligent in the respects alleged in the petition, and presented a prima facie case which was properly submitted to the jury.

DECIDED SEPTEMBER 20, 1910.

Action for damages; from city court of Savannah—Judge Freeman. November 8, 1909.

Butler sued the Central of Georgia Railway Company upon the following cause of action: He was in the employ of the defendant as a helper around the defendant's machine and repair shop. He was at work as a helper to the carpenters, and had been sent to carry some irons into the boiler-room. He did so, and as he started out the tank exploded, causing the injury described in the petition. A Pintsch gas tank used on passenger-cars for illuminating purposes was being repaired in the boiler-shop. It contained a large amount of illuminating gas which was highly explosive, and this gas precipitated an oil coating on the side of the tank, which, when heated, forms a highly explosive gas. The machinist and his helper were repairing this tank or reservoir. The plaintiff had nothing to do with its repair. The tank was being repaired by heating a dented place, so as to soften the metal and then turn on compressed air to force it out in its proper shape. Twenty pounds of air pressure was all it could safely stand, but the defendant's servants turned on a pressure of over 60 or 65 pounds. This large amount of moist air, coming in contact with the gas residue remaining in the tank, and with the gas generated by the heating of the coating precipitated upon the side of the tank, and with the heated sides of the tank, caused a violent explosion. The plaintiff did not know that the tank was likely to explode or that it was going to explode, and nobody had warned him as to the danger of an explosion. The petition charged the defendant with negligence in the following particulars: (1) In causing said reservoir to be heated while it contained illuminating gas. (2) In causing compressed

air to be forced into said reservoir while it had illuminating gas stored in it.    (3) In causing a high and dangerous pressure of moist compressed air to be turned into the tank or reservoir, to wit, a pressure of 60 to 65 pounds.    (4) In failing to furnish, keep, and maintain a safe place of work for plaintiff.    (5) In failing to notify and warn plaintiff that the tank was likely to explode, and that it was dangerous for plaintiff to be near it.

The plaintiff's evidence established the following facts:  He was at work for the defendant on February 23, 1909, as a carpenter helper, toting iron and stuff backward and forward to the carpenters.    On that day the gas tank burst and the plaintiff was hurt. He went into the boiler-room to carry some corner irons to be cut off and a couple of holes bored in them.    When he had put the corner irons down and had gotten within about four feet of the tank, going to the blacksmith's shop, the tank burst and something struck him and knocked him unconscious, breaking his skull, burning his arm, and injuring his finger.    He was working under a carpenter named Long, who sent him into the boiler-room.   He went to the boiler shop and carried the things where he was ordered to carry them.    Nobody told him there was any danger in being around the tank.    He did not know that the tank was going to explode, or was likely to explode, and nobody had warned him as to the danger of an explosion.    A witness for the plaintiff testified, that he was a boiler-maker, and at the time the plaintiff was injured was at work for the defendant.    That day a gas tank exploded.    This gas tank had been used for storing Pintsch gas on passenger or sleeping cars, and had been damaged or mashed out of shape.    He and his helper were working on it.    He was heating it and putting the pressure of compressed air in it.    At the time of the explosion he had turned the air into the tank, while it was heated.    Twenty pounds of air were first turned on, but this did not cause an explosion.    Then the foreman, Mr. Linder, turned on about 60 or 65 pounds.    In a short time after this high pressure was turned on the explosion occurred.    The plaintiff had nothing to do with the work on the tank.    The tank was not of the latest kind, but of the old kind, and the air that was used in the tank was very damp.    The plaintiff proved that his age was 23 years, and introduced mortality tables.    Some other evidence was introduced as to the nature of the plaintiff's injuries, but it is not material to the

issue presented.   Upon the conclusion of the plaintiff's testimony the defendant moved for a nonsuit, which the court refused, and exception is taken to the judgment refusing to nonsuit.

*Lawton & Cunningham,* for plaintiff in error.

*Osborne & Lawrence,* contra.

RUSSELL, J.   (After stating the foregoing facts.)   We think it would have been error to have nonsuited the plaintiff.   We are clearly of the opinion that the evidence was sufficient to show that he received his injury at the hands of a person in the employment of the defendant.   There is no dispute as to this fact, unless it be assumed that the explosion was an accident; and only the jury could act upon this assumption.   The evidence being sufficient to raise the statutory presumption under section 2321 of the Civil Code of 1895, the plaintiff proved a prima facie case placing upon the defendant liability for the negligence alleged in the petition, which it was the duty of the defendant to rebut.   But even if this had not been the case, the explosion of the tank was such an unusual circumstance that the jury might have inferred from this unusual circumstance, and the fact that the tank was in the possession and control of the defendant at the time, that the thing spoke for itself of negligence.   In that event the burden would have been cast upon the defendant of showing what was the real cause of the explosion, or that the defendant was not liable therefor.

The refusal of a nonsuit was clearly right.   *Judgment affirmed.*