### 3888. PAYNE *v.* ROME COCA-COLA BOTTLING CO.

Where an action is brought to recover damages for an injury caused by the explosion of a bottle, the contents of which were manufactured, bottled, and sold by the defendant as a harmless beverage, an inference of negligence on the part of the manufacturer arises, when it is shown that all the persons through whose hands the bottle had passed were

free from fault, and that the condition of the bottle and its contents had not been changed since it left the defendant's possession.

DECIDED MARCH 6, 1912.

Action for damages; from city court of Floyd county—Judge Reece. February 18, 1911.

*J. L. Tyson, W. H. Trawick, Maddox & Doyal,* for plaintiff.
*Lipscomb, Willingham & Wright,* for defendant.

POTTLE, J. A bottle of Coca-Cola, manufactured and sold by the defendant, exploded, and fragments of glass flew into the plaintiff's eye and destroyed the sight. The plaintiff alleges that the water in the bottle had been charged with carbonic acid gas, and that the explosion was due to the fact that the bottle was too highly charged with the gas by the defendant. A nonsuit was awarded, and the plaintiff excepted.

The bottle of Coca-Cola was bought by the plaintiff's brother from Cook, a retail vender, who bought it from Barnett, to whom it was sold by the defendant. There was nothing in the appearance of the bottle to differentiate it from other bottles of Coca-Cola put on the market by the defendant. Neither the plaintiff nor his brother did anything to cause the explosion, nor had the bottle or its contents been changed in any way since the manufacturer sold it to Barnett. The Coca-Cola, such as was contained in the bottle, was advertised and sold by the defendant as a "refreshing and harmless beverage." A small cap, fastened tightly down, covered the mouth of the bottle. There was no direct evidence in reference to the manner in which the bottle was charged, nor as to the quantity of gas used.

If the plaintiff can recover at all, he can do so only upon an application of the maxim res ipsa loquitur. The occurrence was unusual. Bottles filled with a harmless and refreshing beverage do not ordinarily explode. When they do, an inference of negligence somewhere and in somebody may arise. There is no presumption of law, but merely an inference of fact. Negligence is not necessarily to be inferred merely from the act itself, but the tribunal designated by the law to decide the issues of fact may infer negligence from the happening of an event so unusual. So much may be gathered from previous decisions. *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106 (43 S. E. 443); *McDonnell* v. *Central Railway Co.,* 118 *Ga.* 86, 91 (44 S. E. 840); *Palmer Brick Co.* v. *Chenall,* 119

*Ga.* 837 (47 S. E. 329) ; *Monahan* v. *National Realty Co.,* 4 *Ga. App.* 680 (62 S. E. 127) ; *Cochrell* v. *Langley Mfg. Co.,* 5 *Ga. App.* 317 (63 S. E. 244) ; *Sinkovitz* v. *Peters Land Co.,* 5 *Ga. App.* 788 (64 S. E. 93) ; *Central Railway Co.* v. *Butler,* 8 *Ga. App.* 243 (68 S. E. 956). In the *Cochrell* case, supra, the Chief Judge called attention to the fact that the doctrine expressed in the maxim res ipsa loquitur was the foundation for the rule stated in section 5157 of the Civil Code of 1895 (Civil Code of 1910, § 5743), which is merely a codification of previous decisions of the Supreme Court.

But it is said that ·before the doctrine can be applied, the act must speak not only of negligence, but of negligence on the part of the defendant. To this, of course, all are agreed. But the argument of the able and earnest counsel for the defendant is, that the principle at the foundation of the maxim can not be applied here, because the bottle was not in the possession or control of the defendant when it exploded; that therefore there can arise no inference that it was negligent; and that if negligence is to be inferred, it must be ascribed to the vender from whom the plaintiff's brother bought the bottle, or to the brother himself. The counsel relies upon language of Mr. Justice Lamar in the *Chenall* case, supra, that, "prima facie, that want of due care should be referred to him under whose management and control the instrument of injury was found." Further along in the opinion the learned Justice said: "All that the plaintiff should be required to do in the first instance is to show that the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage; that the accident was of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence. When he has shown this, he has cast a burden on the defendant, who may then proceed to show that the accident was occasioned by vis major, or by other causes for which he was not responsible." · In the headnote the rule is stated somewhat differently, thus: "Prima facie, such negligence will be attributed to the person charged by law with the duty of maintaining and managing the thing causing the injury." In that case the court discussed and applied the doctrine in favor of one injured by the falling of a brick arch, and did not have in mind such an occurrence as the one presented in the case now at hand. Granting, for the sake of the argument, that,

prima facie, inferential negligence will be imputed to the person who sold the bottle to plaintiff's brother, or to the brother himself, the inference is completely rebutted when it affirmatively appears, as it does here, that neither was at fault, that neither handled the bottle improperly or did anything to change the condition from that in which it was when received. Since for every effect there is a cause, where negligence exists some one must have been the responsible author. If he can be found, it is right that he should pay the penalty. The bottle exploded. / Inferentially some one was negligent. It was not Cook, the last vendor of the bottle, nor the plaintiff's brother, nor the plaintiff, nor yet Barnett, because they all stand exonerated by direct or circumstantial evidence of their freedom from fault. But, the inference of negligence remains, and some one is prima facie to blame. By a process of elimination we get back to the manufacturer who set the dangerous agency in motion, and upon whom the blame ought inferentially to be fastened. It is certainly no hardship to require at the manufacturer's hands an explanation of the occurence, that the jury may say whether it, like the other persons who handled the bottle, has been exonerated. / If a manufacturer should sell to a jobber a gun, and, after passing through the hands successively of the wholesaler and retailer, it finally reaches the marksman, and explodes in his hands while being used in the ordinary and usual manner, and injury results, it is plain that there was a defect in the gun. Somebody ought to be responsible. Concede that inferentially it could be said that the marksman must have done something to the weapon to cause it to explode, if he disproves this, and the retailer, the wholesaler, and the jobber all in turn show that they kept and handled the gun in the usual way, and did nothing to change its condition, the inference of negligence would be shifted back upon the manufacturer, who put the weapon of destruction in circulation with his indorsement that, when used in the ordinary and usual manner, no harm would come to him who used it. In such a case it would be no answer, when the maxim that the thing spoke for itself is invoked, to say that when the injury resulted, the thing was not in the possession, power, or control of the manufacturer.

Under the proved facts, the occurrence speaks of the defendant's negligence, and its alone. The inference is that it was neg-

ligent in the manner alleged in the petition. It charged the bottle with carbonic acid gas, it put together the constituent elements of the beverage, it manufactured or procured the bottle to hold these elements, and it put the bottle in circulation, with an invitation to the public to use the contents as a harmless and refreshing beverage. The attempt to use it caused the plaintiff the loss of his eye. Somebody is responsible, and the inference is that the defendant is the guilty party. See *Blood Balm Co.* v. *Cooper,* 83 *Ga.* 461 (10 S. E. 118, 5 L. R. A. 612, 20 Am. St. R. 324); *Watson* v. *Augusta Brewing Co.,* 124 *Ga.* 121 (52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. R. 157); *Hudgins* v. *Coca-Cola Bottling Co.,* 122 *Ga.* 695, 699 (50 S. E. 974). In the *Monahan* case, supra (4 *Ga. App.* 680), Judge Russell, speaking for the court, held, that the doctrine underlying the maxim res ipsa loquitur might be applied in a case where one was injured by a falling window in the office of a tenant, and that inferentially the landlord was guilty of negligence, although the window was under the immediate control and in the actual possession of the tenant at the time.

We do not say that under the proved facts the jury must find the defendant liable, but there was enough evidence to make a prima facie case and to require an explanation from the defendant. We deal with the case upon the facts presented. As to whether an inference of negligence would arise against the manufacturers upon mere proof of the explosion, without more, we express no opinion.                                        *Judgment reversed.*