### 4175. GEORGIA GRANITE COMPANY *v.* SIMS.

POTTLE, J. While excavating a ditch the defendant's agent placed a charge of dynamite for the purpose of removing rock imbedded in the soil. The ditch was adjacent to a public highway near which the plaintiff was operating a store. Near the store and within range of vision of the defendant's agent the plaintiff's mare was hitched. The dynamite was discharged, and, as a consequence thereof, a rock weighing forty-five pounds was thrown a distance of three hundred feet, and injured the plaintiff's mare. *Held:* (1) If the defendant's agent knew, or in the exercise of ordinary care ought to have known, of the dangerous proximity of the plaintiff's mare, it was negligent for him to discharge the dynamite at all while the mare was there, without regard to whether the defendant was negligent in reference to the quantity of dynamite used, or in the manner in which the load was discharged. (2) There being evidence that, if properly placed and discharged, a load sufficiently large to accomplish the purpose designed by the defendant would not have projected a rock weighing forty-five pounds a distance of three hundred feet, the maxim res ipsa loquitur was applicable, and the jury were authorized to infer that the defendant was negligent, either in reference to the quantity of explosive used, or in the manner in which it was placed and discharged. *Payne* v. *Rome Coca-Cola Co.,* 10 *Ga. App.* 762 (73 S. E. 1087).

No error of law was complained of, and, under the principles above announced, the verdict was warranted by the evidence.

     *Judgment affirmed.*

DECIDED JULY 2, 1912.

Action for damages; from city court of Atlanta—Judge Reid. March 16, 1912.

*Candler, Thomson & Hirsch, Asa W. Candler,* for plaintiff in error. *Walter A. Sims,* contra.