LONATRO v. PALACE THEATRE CO INC.

———

(June 24, 1929. Opinion and Decree.)

———

U. Marinoni, Jr., and Michel Provosty, of New Orleans, attorneys for plaintiff, appellant.

Milner & Porteous, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This suit, instituted nearly ten years ago, has been before this court before. Lonatro vs. Palace Theatre, 5 La. App. 386. The facts are stated at length in our former opinion; consequently we will only make a brief reference here.

The plaintiff, while seated in the parquette of a theater operated by defendant, viewing a performance, was injured by being struck on the head with an empty pop bottle, which fell, apparently from one of the galleries. She sues for damages. The judge, a quo, awarded her $375. Plain-tiff alone has appealed, asking that the award be increased.

Defendant in this court relies entirely upon the plea of res judicata, insisting, however, that the amount awarded plaintiff is ample to compensate her for her injuries.

The plea of res judicata cannot prevail, for the reason that, when made in the lower court, it was overruled, and no appeal was taken from the judgment overruling it, nor, so far as defendant is concerned, from the judgment subsequently rendered on the merits. Defendant, having acquiesced in the judgment, cannot now complain of it. World's Industrial & Cotton Centennial Exposition vs. Exposition, 39 La. Ann. 2, 1 So. 358.

There remains for consideration only the question of quantum. The only visible effect of plaintiff's injuries was a small cut in her scalp, which was promptly sutured by a physician and healed in due course. Plaintiff, however, attributes a number of unfortunate occurrences to this accident. She says that, as a result of the accident, she is neurasthenic, that she has terrible headaches, weak spells, and is hysterical at times; that she is unable to do housework or take in sewing, as she was accustomed to do before the accident; that she is very impatient, particularly with her children, does not sleep at night, and is losing weight; that she spent $60 for medicine and $40 for doctor.

It is obvious that, if all of plaintiff's difficulties could properly be charged to the accident, the award of the trial court is manifestly inadequate. But the medical testimony in the record is not sufficient to establish to our satisfaction the causal relation between plaintiff's ailments and the blow on her head by the pop bottle. We

can readily understand that considerable shock would result from her injury, and we are convinced that there must have been some little consequential injury to her nervous system, but we cannot follow counsel in his estimate of her damages. Nevertheless, as the amount awarded seems somewhat low, we will increase it to $600.

For the reasons assigned, the judgment appealed from is amended by increasing the amount awarded plaintiff from $375 to $600, and, as thus amended, affirmed.