51 So.2d 645 (1951)
MONROE et al.
v.
H. G. HILL STORES, Inc., et al.
No. 19643.
Court of Appeal of Louisiana, Orleans.
April 9, 1951.
*646 Montgomery, Barnett, Brown & Sessions and Wood Brown, all of New Orleans, for plaintiffs-appellees.
May & Carrere, New Orleans, for H. G. Hill Stores, Inc., defendant-appellee.
Frank T. Doyle and Robert G. Hughes, all of New Orleans, for Falstaff Brewing Corp., defendant-appellant.
JANVIER, Judge.
Plaintiffs, Mr. and Mrs. Paul Hoerske, seek to recover damages on account of physical injuries sustained by Mrs. Hoerske while she was a customer in a store of one of the defendants, H. G. Hill Stores, Inc., and which injuries resulted from the breaking of a bottle of beer bottled by the other defendant, Falstaff Brewing Corporation, and which bottle, among others, had been placed on a shelf of what is called a gondola or counter in the store. Mrs. Hoerske prays for solidary judgment against the two defendants in the sum of $2500.00 for her physical injuries, pain and suffering, and Mr. Hoerske prays for solidary judgment for $166.70 as the expense sustained by the community for medicines, drugs, hospital bills, time lost from his business by Mr. Hoerske, and cost of employing a maid as the result of the inability of Mrs. Hoerske to attend to her household affairs.
*647 Plaintiffs allege that while Mrs. Hoerske was a customer in the store, she sustained her injuries under the following circumstances: "She was standing before a shelf on which pots and pans were located when a bottle of Falstaff beer manufactured and distributed by defendant, Falstaff Brewing Corporation, which said bottle of beer with other bottles of beer were stored on a shelf underneath the shelf containing the pots and pans above referred to, exploded."
They aver that, as a result of the explosion, flying glass from the beer bottle struck her right leg causing a severe cut and contusion "on the mid third of the right leg," and that there were also a number of other smaller cuts and contusions.
They charged that the explosion of the bottle was caused by the joint negligence of the two defendants. The charge against the defendant, H. G. Hill Stores, Inc., is that, "its agents and employees, were negligent in storing said beer bottles loosely on a shelf without having them in a proper container or case, and more particularly in placing them in close proximity to the place where customers were standing, all on an extremely hot day in mid-summer."
It is alleged that the other defendant, Falstaff Brewing Corporation, was negligent "in the manufacture and preparation of said beer bottle in either bottling said beer under too great a pressure or using a defective bottle, or preparing said beer in such a fashion that it was likely or liable to explode during hot or warm weather."
Petitioners further aver that the manufacture, preparation and bottling of the beer was solely within the knowledge and control of the Falstaff Brewing Corporation and that the care, stacking and handling of it was solely within the knowledge and control of the H. G. Hill Stores, Inc., and that therefore "* * * the doctrine of res ipsa loquitur applies."
The H. G. Hill Stores, Inc., filed exceptions of no right or cause of action which were overruled and both defendants then filed answers.
The Falstaff Brewing Corporation, for lack of information, denied all of the allegations concerning the occurrence of the accident, and especially denied that the bottle of beer referred to in the petition "exploded", and averred that the said bottle either as the result of a fall to the floor due to the negligence and careless manner in which it was placed upon the shelf and in which it was handled by the employees of the store, or because "someone or some force brushed against or came into contact with the shelf upon which said bottle of beer was stored causing it to fall and break." That defendant particularly denied "that there was any negligence what ever on its part" and "* * * that said bottle of beer exploded from internal pressure, * * *" and averred "that the breaking of said bottle was due to some force applied thereto for which this defendant is not responsible."
The other defendant, H. G. Hill Stores, Inc., answered, admitting the occurrence of an accident in which Mrs. Hoerske received cuts and contusions of the right leg from glass of a broken beer bottle, but denying that any bottle of beer ever exploded in defendant's store. This defendant then further averred "that the bottle in question was, to the best of defendant's information and belief, knocked from the shelf upon which it rested to the floor and broken, presumably by the petitioner, Mrs. Hoerske."
This defendant further denied that any one of its employees was in any way negligent, and in the alternative, alleged that if there was any negligence whatever on the part of it or its employees, the proximate cause of the accident was the contributory negligence of plaintiff, Mrs. Hoerske, "in upsetting the bottle of beer."
After a lengthy trial, there was judgment dismissing the suit as against H. G. Hill Stores, Inc., and there was further judgment in favor of Mrs. Hoerske and against Falstaff Brewing Corporation in the sum of $1500.00, and further judgment in favor of Mr. Hoerske and against Falstaff Brewing Corporation in the sum of $156.70.
*648 Falstaff Brewing Corporation has appealed devolutively and suspensively. Both plaintiffs have also appealed. In their petition for appeal they aver that the judgment dismissing the suit as against H. G. Hill Stores, Inc., is erroneous and that the damages awarded against Falstaff Brewing Corporation "are inadequate."
There is practically no disagreement over the facts except on the one important question as to what was the cause of the breaking of the bottle. That it did break and that Mrs. Hoerske sustained physical injuries as a result are conceded.
Mrs. Hoerske was interested in certain kitchen pots which were on sale in the store. These pots were being displayed on the upper shelf of what is known as a gondola. A gondola is a heavy piece of store equipment on the two shelves of which groceries and other merchandise are stored and displayed in such a way as to be easily accessible to the customers. Though Mrs. Hoerske estimated the height of the lower shelf of the gondola as six or seven inches above the concrete floor, the record leaves no doubt that it is actually from twelve to fourteen inches above the floor. The upper shelf is 36 inches above the floor and the front edge of the upper shelf is about six inches further back from the aisle than is the front edge of the lower shelf.
The pots in which Mrs. Hoerske was interested were on the upper shelf, and on the lower shelf, under the pots, were stored a large number of bottles of Falstaff beer. These bottles were in an upright position, but there is no evidence which shows exactly how far back from the front edge of the shelf were the foremost of those bottles.
Mrs. Hoerske says that she had picked up one pot and had another in her hand when a bottle of beer on the lower shelf suddenly exploded and that particles of glass from the bottle cut her leg. At one point in her testimony, she says that there were two bottles which were broken or exploded, though the record overwhelmingly shows that only one broke and that that one was responsible for the accident.
There can be no doubt that the bottle which broke was one which contained Falstaff beer and that it had been bottled and supplied by the Falstaff Brewing Corporation. Though there is no disagreement on this point, in order to make certain of the proof that it was a bottle of Falstaff beer, both plaintiffs stated that after the accident parts of a label from the bottle remained sticking to the underdress or slip of Mrs. Hoerske.
Since plaintiffs concede that they are unable to assign reasons for the breaking of the bottlein other words, since they were unable to produce any affirmative proof of actionable negligence chargeable against either defendant, they were necessarily forced to rely upon the doctrine of res ipsa loquitur. They contend that this doctrine is applicable and that, as a result, there is placed upon each defendant the obligation of showing that there was no fault on its part. Plaintiffs say that as a result of this doctrine the mere occurrence of the accident creates a presumption of negligence so strong that unless proof is offered to show that there was no fault, then that defendant which fails to exculpate itself must be held liable, and that possibly as a result of failure to explain the occurrence both may be liable.
Defendants, on the other hand, assert that the doctrine of res ipsa loquitur cannot be applied here, primarily for the reason that it should not be applied where there are two or more defendants and the instrumentality which causes the damage is not exclusively under the control of either, and defendants say further that even if the doctrine can be held to apply in such a case as this, there must be first eliminated, with at least reasonable certainty, the possibility that the accident might have been caused by negligence on the part of one of the plaintiffs, or on the part of someone, which negligence might have intervened between the delivery of the beer and the placing of it on the shelf and the occurrence of the accident.
H. G. Hill Stores, Inc., further assert that the doctrine of res ipsa loquitur cannot be invoked against a storekeeper, and *649 that if in such a situation a bottle explodes from its own internal pressure, the burden of explanation may, by the doctrine of res ipsa loquitur, be placed on the bottler, but is never placed on the storekeeper.
There is some doubt as to whether the doctrine of res ipsa loquitur is applicable against either defendant where there are two or more and the instrumentality which causes the damage is not exclusively under the control of one. We discussed this interesting question in Guiteau v. Southern Parking Co., La.App., 49 So.2d 880.
We are relieved to find that because of the conclusions which we have reached it is unnecessary to decide this vexing question. We say this because even if we could assume that the doctrine is applicable as against Falstaff Brewing Company, the bottler, we are convinced that before the doctrine can be relied on in any case there must be certain proof which eliminates with reasonable certainty the possibility of third party interference, or interference by the injured party, with the instrumentality between the time of its last handling by the defendant charged with negligence and the final occurrence which causes the damage.
There is no doubt that, where it is shown that a bottle of such a product explodes and it is also shown with reasonable certainty that the bottle was not tampered with and all reasonable possibility of accidental breaking from an external cause has been eliminated, there is a presumption that the occurrence resulted from inherent defects in the bottle or from an excess of external pressure and that this presumption is sufficiently strong to throw liability upon the bottler unless some other satisfactory explanation is produced.
If the record before us convinced us that the bottle of beer which was responsible for Mrs. Hoerske's injuries exploded spontaneously and that Mrs. Hoerske herself was in no way at fault, and that there was no intervening fault on the part of the other defendant, the necessary result might well be that the Falstaff Brewing Corporation would find itself under the necessity of showing that it was in no way at fault. But this record falls considerably short of eliminating these other possible causes of the breaking of the bottle. In the first place, the record overwhelmingly shows that the breaking of the bottle did not occur on the shelf on which it had been stored, but took place on the concrete floor at the feet of Mrs. Hoerske. When she was first placed on the witness stand, Mrs. Hoerske failed to say that, after the occurrence, there remained on the shelf any broken glass or any of the beer which had been in the bottle. It was only after the evidence of the defendants had overwhelmingly shown that all the broken glass and all the spilled beer was on the floor that Mrs. Hoerske was placed on the stand in rebuttal, and she then, for the first time, said that there was spilled beer on the shelf.
As opposed to this eleventh-hour statement of Mrs. Hoerske, there is strong proof that there was no glass or beer on the shelf, all evidence pointing to the fact that the bottle broke on the floor. Mrs. Hoerske herself, in her original testimony, without stating that any glass or beer remained on the shelf, said that there was quite a bit of glass on the floor. Mrs. Bach, a customer who was in the store at the time, says that she noticed that there was broken glass and beer on the floor. Mr. Varnado, the manager of the store, referring to the shelf, said: "There was nothing on it other than the beer in the bottles. There was no liquid on the shelf, no sir. No glass on the shelf itself." And he said that the broken bottle was on the floor. He also said that the other bottles on the shelf were still standing upright and that none of these other bottles had been in any way disturbed.
Mr. Phillips, who was employed in the meat department at the store, said: "The fragments was (were) on the floor and the beer also was on the floor," and that he saw no beer or any fragments of glass on the shelf.
Mrs. Hamersly, a supervisor employed at the store, said: "It looked like the bottle of beer had fallen on the floor, that is what hurt her leg, the breaking of the bottle."
*650 In addition to this testimony, the physical facts speak eloquently of the fact that the bottle broke when it fell to the floor and not on the shelf. Mrs. Hoerske says that the main cut was on her shin-bone and that "when Mr. Hoerske removed my clothes, on the slip was the label from the neck of the Falstaff bottle." Mr. Hoerske corroborated this.
It is well known that unless a slip is "showing", a situation against the occurrence of which all women take every precaution, the slip does not extend below the lower edge of the dress and therefore this label, if it was found sticking to the slip, must have come up from underneath and could not have found its way to the slip if it had been blown from the shelf by the explosion.
Furthermore, Dr. Kuhn testified that he found the cut in plaintiff's leg was on the middle portion, but that there were small particles of glass all the way from the knee to the ankle. Mrs. Hoerske's knee, of course, was above the lower hem of her dress, and, therefore, these particles of glass must have come up from the floor and could not have reached her knee had they been blown by the explosion of the bottle from the shelf directly towards her.
On behalf of plaintiffs it is contended that, regardless of whether the bottle fell to the floor and there exploded, or exploded on the shelf, the cause of the explosion was the inherent inability of the bottle to withstand the internal pressure and that, accordingly, the cause of the accident was the defective bottle or its excess internal pressure rather than its fall to the floor. And it is contended that there is distinction in fact as well as in result between the "explosion" of a bottle and the mere breaking thereof.
It is true that most of the witnesses used the word "explosion" as descriptive of the sound heard by them, but we are convinced that they did not intend to convey the very fine distinction which counsel would have us attach to the word "explosion". We feel that, if a bottle of beer or other liquid having an internal pressure of 35 or 40 or 60 pounds to the square inch should break as the result of a fall on a concrete floor, the sound of the breaking of the bottle and the resulting sudden escape of the high pressure liquid would be very similar to the sound made by the spontaneous explosion of a similar bottle.
Counsel also argues that we should conclude from the record and from the tests made in the courtroom that such a bottle, unless defective, would not break as a result of being dropped to the floor. It is true that during the trial two similar bottles were knocked off a step in the courtroom and that, on striking the floor, neither broke. In the first place, although the height of the step in the courtroom is not shown, it does not require the exercise of judicial notice to realize that an ordinary step is not nearly so high as 12 or 14 inches above the floor. Therefore, even if the fact that two bottles fell from the step and did not break should be accepted as proof that a third or a fourth so dropped probably would not break, still it would not prove conclusively that a bottle dropped from the greater height of 12 or 14 inches to a concrete floor would not break.
Our conclusion is that the bottle fell from the shelf to the floor and broke as a result of the fall. At any rate, the plaintiffs have not, with sufficient certainty, eliminated this possibility to permit of the application of the doctrine of res ipsa loquitur, and, as we have already said, that doctrine cannot have application against a bottler until there have been eliminated with reasonable certainty all other possibilities that the cause was some outside interference between the delivery of the bottle by the bottler and the breaking of the bottle later on.
We conclude that, since there is no affirmative proof of negligence on the part of the Falstaff Brewing Corporation and since the plaintiffs have not eliminated the possibility of some other cause, the doctrine of res ipsa loquitur is not applicable.
There have been cited by all counsel many cases in which our Supreme Court and others have discussed the applicability of the doctrine of res ipsa loquitur to *651 accidental injuries resulting from the breaking of bottles, but in all of them there has been laid down the rule that the doctrine is applicable only where the possibility of outside interference has been eliminated and it has been shown that the injured party was not responsible for the occurrence.
In Ortego v. Nehi Bottling Works, 199 La. 599, 6 So.2d 677, 678, our Supreme Court discussed several cases and referred to Payne v. Rome Coca-Cola Bottling Co., 10 Ga.App. 762, 73 S.E. 1087, and to an annotation in 8 A.L.R. at page 502, and expressed its approval of the doctrine "that the mere explosion of a bottle does not present a case for the application of the doctrine of `res ipsa loquitur'," and very plainly said that that doctrine should not be applied in a case unless there is "the added evidence of freedom of fault on the part of all through whose hands the bottle passed after it left the bottler."
We see no necessity to cite or quote from any of the other numerous cases cited, since we are well convinced that it is now settled that the doctrine can have no application until there has been eliminated with reasonable certainty the possibility of fault on the part of some one handling the bottle after it left the bottler.
When we come to consider the question of the possible liability of the other defendant, H. G. Hill Stores, Inc., we find nothing at all which would justify the reversal of the judgment in its favor. There is not one word of affirmative proof of negligence on its part, and certainly there is no room for the application of the doctrine of res ipsa loquitur. The bottles were stored in full view of the customers, and surely the customers would have just as much knowledge as to the cause of such a fall of the bottles as would the storekeeper. A customer standing immediately in front of such a "gondola" should be in a better position than any other person to know the cause of the fall of such a bottle.
The situation is not like that which was presented in Lonatro v. Palace Theatre Co., Inc., 11 La.App. 162, 123 So. 184. There a patron in a theatre was seated in a parquette seat when a bottle was dropped from somewhere above causing injuries. We held that under such circumstances the doctrine of res ipsa loquitur applied merely because it was obvious that such things do not occur without negligence and, under the circumstances shown there, the patron obviously could have had no knowledge whatever as to the cause of the falling of the bottle.
The difference between such a situation and this was discussed by us in Joynes v. Valloft & Dreaux, La.App., 1 So.2d 108. We find that our conclusions that the situation was different met the approval of the author of an article entitled Res Ipsa Loquitur and Proof by Inference, IV L.L.R. 70, 78, as is evidenced by the following quotation from that article:
"From the above observations it is not difficult to conclude that the accident of the falling bottle `speaks for itself' and leads to an easy inference of negligence. In truth, the falling of the bottle tells only a small part of the story. It is rather the place of the accident and the relationship of the parties that sets into motion the train of inferences that convince the trier that negligence by the management is the most plausible explanationnothing else appearing.
"This is at once apparent if the setting of the occurrence be altered. Let it be supposed, for example, that an empty soft drink bottle drops from the counter of a concessionaire in a crowded office building lobby onto the foot of a patron who is standing nearby. Here an entire new set of inferences arises and new rules of law are brought into play. * * *"
As a matter of fact, plaintiffs made no effort whatever to show liability on the part of H. G. Hill Stores, Inc., the entire burden of their complaint being that the accident resulted from inherent weakness in the bottles. At any rate there is no evidence of negligence on the part of Hill Stores and the doctrine of res ipsa loquitur being inapplicable, there is no presumption as against this defendant resulting from the occurrence of the accident.
*652 The judgment appealed from insofar as it runs against Falstaff Brewing Corporation is annulled, avoided and reversed and the suit as against that defendant is dismissed at the cost of plaintiffs; in all other respects the judgment appealed from is affirmed.
Reversed in part; affirmed in part.