109 N.J. Super. 50 (1970)
262 A.2d 228
EDWARD FISCHER (AND FIVE OTHERS), PLAINTIFFS-RESPONDENTS,
v.
THE MAYOR AND COUNCIL OF THE TOWNSHIP OF BRICK, ETC., ET AL., DEFENDANTS, AND THE TOWNSHIP OF BRICK HOUSING AUTHORITY, ETC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 26, 1970.
Decided February 26, 1970.
*52 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Charles E. Starkey argued the cause for appellant (Messrs. Kannen, Starkey, Turnbach & White, attorneys).
Mr. Alan J. Cornblatt argued the cause for respondents (Mesrss. Mirne, Nowels, Tumen, Fundler, Cornblatt & Magee, attorneys).
The opinion of the court was delivered by CONFORD, P.J.A.D.
On June 20, 1968, after a public hearing, the governing body of the Township of Brick adopted two resolutions. By one of these it reversed the refusal of the planning board to approve an application of the housing authority of the township for subdivision of a 17-acre tract of land so that the authority could build a high-rise "senior citizens" residential project on 5.39 acres thereof which it had contracted to purchase for that purpose. By the other, it purportedly amended the zoning ordinance to permit the construction of the building as against existing zoning prohibition of erection of residential structures anywhere in the municipality exceeding 35 feet in height.
*53 The latter action was taken to implement a "Cooperation Agreement" entered into between the housing authority and the governing body in June 1967 under and pursuant to the Housing Co-operation Law, N.J.S.A. 55:14B-1 et seq., to effectuate the establishment of the senior citizens project aforementioned. In 1966 the governing body had approved the site selected for the project, reversing an original denial of approval of the site by the planning board.
The present appeal is from a determination by the Law Division invalidating the resolutions of June 20, 1968 on a complaint by neighboring owners of one-family dwellings that the stated actions of the governing body were illegal in that they violated in various respects the statutes concerning zoning and planning. The basic grievance of plaintiffs, asserted below and before this court, is the supposed discordance of a nine-story apartment building with the character of the residential neighborhood in which they live. It is to be noted, however, that the tract is on Chambers Bridge Road, both sides of which to a depth of 100 feet are strip-zoned for business. The rear of the tract is in an R.-7.5 zone permitting single-family residences, churches and professional offices.
The decision of the Law Division judge was based on the following reasoning: (1) The Housing Co-operation Law does not permit the governing body to "run roughshod" over a master plan once the planning board after a hearing finds that a particular project will "prove detrimental to the public good and contrary to the principles of zoning and planning as they exist in that municipality;" (2) a housing authority project is invalid unless there is a shortage of safe or sanitary dwelling accommodations available at rents which persons of low income can afford, or persons of low income are found to be living in the area in overcrowded or congested, etc., dwellings; (3) the conclusions of the governing body were not supported by evidence, and their actions were consequently "unreasonable and arbitrary."
*54 In defending this appeal plaintiffs do not rely on the above-noted second ground of decision, and we do not discuss it beyond saying it has no merit. Further, we may summarily dispose of the argument in support of the trial court's conclusions that the actions of the governing body were arbitrary and capricious and without supporting evidence. In respect of the denial of subdivision approval by the planning board, that body's decision that the project would violate the master plan and adversely affect traffic patterns was subject to appellate reversal by the governing body. N.J.S.A. 40:55-1.19. We find from the whole record before us that the governing body properly exercised that authority here, and without arbitrariness or unreasonableness. Passaic Junior Chamber of Commerce v. Passaic Housing Authority, 45 N.J. Super. 381, 392 (App. Div. 1957). As to the planning board's reliance upon the violation of the building height regulations, the merits of this ground for its action stand or fall upon whether the governing body possessed the authority it exercised to exempt the project from those regulations under the Housing Co-operation Law  a subject next discussed.
The pertinent statutes contain two allusions to zoning and building laws and regulations which require reconciliation. The Local Housing Authorities Law, L. 1938, c. 19 (N.J.S.A. 55:14A-11) provides:
All housing projects of an authority shall be subject to the planning, zoning, sanitary and building laws, ordinances and regulations applicable to the locality in which the housing project is situated. In the planning and location of any housing project, an authority shall take into consideration the relationship of the project to any larger plan or long range program for the development of the area in which the housing authority functions.
However, the Housing Co-operation Law, L. 1938, c. 20, adopted at the same time, contains provisions, N.J.S.A. 55:14B-4(d), 7, which permit the governing body by resolution and without public notice to "plan or replan, zone or rezone any part of such [municipality]; make exceptions *55 from building regulations and ordinances and change its map." The question before us is whether the action of the governing body violates or is authorized by the said legislation, read, as it must be, in pari materia.
The resolution in question, after reciting that the township had entered into a cooperative agreement with the housing authority pursuant to the Housing Co-operation Law, resolves:
1. That the Zoning Map of the Township of Brick and the Zoning Ordinance known as Ordinance No. 200 and all its supplements and amendments of the Township of Brick be and are hereby amended and supplemented to permit the Township of Brick Housing Authority to construct a 135 foot Hi-Rise for Senior Citizen housing and that the said Ordinance is amended as to the property described in Schedule A and only to that property for the said public agency.
2. That the amendments to the aforesaid Zoning Ordinance and also the Master Plan shall apply to the property described in Schedule A and to no other property within the Township of Brick, County of Ocean and State of New Jersey.
(Schedule A describes by metes and bounds the plot on which the project is to be constructed.)
Plaintiffs contend that this action, viewed as an ordinance amendment, constitutes illegal spot-zoning since it is deliberately conceived and tailored for a single building only. Implicit in the argument is the position that while the municipality may rezone by resolution for housing purposes, there still may not be fundamental departure from basic zoning principles. Cf. Bracey v. City of Long Branch, 73 N.J. Super. 91, 104 (Law Div. 1962). This question was raised but not decided in Passaic Junior Chamber of Commerce v. Passaic Housing Authority, supra (45 N.J. Super., at 391). See the many pertinent authorities collected in the cited opinion. We think we need not reach the question here either.
As noted, the statute authorizes the governing body "for the purpose of aiding and co-operating in the planning, undertaking, construction or operation" of housing projects to "make exceptions from building regulations" (N.J. *56 S.A. 55:14B-4, first paragraph and (d)), which action can be taken by resolution. In substance, although not technically so articulated, the resolution granted this project an exception or exemption from the building height regulation of the ordinance. (It has not been argued that the project involves any violation of the ordinance in any other respect.) In the Passaic Housing Authority case, supra, the court discussed but did not have to decide whether in such a juncture as this it is necessary to apply for a variance to the local board of adjustment under N.J.S.A. 40:55-39. (45 N.J. Super., at 391). We think that course would clearly contravene the basic policy of the Housing Co-operation Law, expressed in the provisions cited above, that the exercise of zoning discretion in this particular area is for the governing body alone. Moreover, no particular subsection of N.J.S.A. 40:55-39 appears to give a board of adjustment power to act on a request for an exception of this particular nature.
The parties have not argued the question whether the statute contains adequate standards for the exercise of the governing body's discretion in granting a building exception in this special contingency, but these may well be found in the broad purposes and objects of the Housing Co-operation Law, N.J.S.A. 55:14B-2, read together with those of the zoning statute, N.J.S.A. 40:55-32. Cf. Ward v. Scott, 11 N.J. 117, 125-128 (1952).
Moreover, due subservience to the comprehensive principles underlying lawful zoning and variances therefrom enunciated by our courts does not, in our opinion, require invalidation of the action of the governing body here complained of. The project is obviously one designed to serve the public welfare, see Kunzler v. Hoffman, 48 N.J. 277 (1966); ample consideration was given by the housing authority and council to the comparative merits and disadvantages of high-rise and conventional garden-type apartments for elderly tenants; the suitability of the location for such a project and prospective trends of development *57 of the municipality were taken into account when the project was first approved and thereafter, and the resolution reversing the denial of subdivision found on sufficient proofs that the project would not "affect the surrounding properties and zones in general" or involve undesirable traffic or safety consequences. It is apparent that, in substance, the two resolutions here attacked, both adopted the same day, were both based upon the hearings conducted by the planning board as to subdivision, and by the council in relation to both subdivision and zoning, and that the findings made in either resolution may, in these special circumstances, be properly looked to for support of both actions.
In determining the overall desirability and zoning wisdom of this long-studied project, both as to particular location and physical conception, the judgment of the elected council rather than that of the planning board must control, absent arbitrariness or patent unreasonableness.
Judgment reversed.