HENRY J. STOLLE, Appellant, v. ANHEUSER-BUSCH INCORPORATED.

Division Two, April 9, 1925.

1. **PLEADING: Tort: Explosion of Bottle: Cause of Action.** A petition alleging that a bottle of "Budweiser"—manufactured by defendant, sold to a merchant, bought by a private citizen and brought to defendant's butcher shop, where it exploded, the pieces of flying glass striking and injuring the hand of plaintiff's wife, who as a customer was in the butcher shop at the time—would not have exploded if due care had been exercised by defendant; that all the facts and circumstances concerning the manufacture of the beverage and bottle were exclusively within the knowledge of defendant and not within the knowledge of plaintiff, and charging general negligence, states a cause of action.

2. ———: ———: **Facts within Defendant's Knowledge.** Less particularity in pleading is required where the facts lie more within the knowledge of the opposite party than in the knowledge of the pleader.

3. ———: ———: **Contractual Relations.** Want of contractual relations is wholly irrelevant in an action for tort.

4. ———: ———: **Res Ipsa Loquitur.** The rule of *res ipsa loquitur* applies to a defendant bottler where plaintiff's wife, though only a customer in defendant's shop, was injured by the explosion of a bottle filled with carbonated gas, and its explosion was not due to her negligence, nor to the negligence of another who had bought the bottle from a merchant and placed it momentarily on a counter in the shop, nor to the negligence of the merchant who had bought it from the defendant manufacturer and bottler. In such case someone has been negligent, and the negligence of all others being eliminated, the law places upon the manufacturer and bottler, who put together the constituent elements of the beverage, placed it in the bottle and put it in circulation with an invitation to the public to use its contents as a harmless and refreshing beverage, the duty to explain and account for the explosion, and upon his failure to do so the rule of *res ipsa loquitur* steps in and fastens the tort upon him.

Citations to Headnotes: Negligence: 1 and 2, 29 Cyc. 572; 3, 29 Cyc. 426; 4, 29 Cyc. 592.

Appeal from St. Louis City Circuit Court.—*Hon. Frank Landwehr*, Judge.

REVERSED AND REMANDED.

*Hall & Dame* and *J. B. Garber* for appellant.

(1)   The doctrine of *res ipsa loquitur* applies to the facts set out in the petition.   Riecke v. Anheuser-Busch Brewing Assn., 206 Mo. App. 246, 227 S. W. 631; Payne v. Rome Coca Cola Bottling Co., 10 Ga. App. 762.   (2) The principle underlying the application of the rule of *res ipsa loquitur* governs and is made applicable by the facts, including the surrounding circumstances set out in the petition.   Thompson v. Ry. Co·, 243 Mo. 336, 353, 23 A. L. R. 484, 8 A. L. R. 502.   (3) The explosion of the bottle of "Budweiser" gives rise to an inference of negligence, and the allegations of the petition eliminating negligence of others brings this inference back to the manufacturer, defendant.   Payne v. Coca Cola Co., 12 Ga. App. 762, 8 A. L. R. 502.

*Nagel & Kirby* and *Everett Paul Griffin* for respondent.

(1)   A petition stating only conclusions as to vital matters, without the facts on which based, is subject to general demurrer.   Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 388; Roberts v. Anderson, 254 S. W. 723; 29 Cyc. Law & Procedure, pp. 566, 567, 570.   (2) A demurrer admits the correctness only of facts well pleaded. Custer v. Kroeger, 243 S. W. 770; State ex rel. Rabiste v. Southee, 254 S. W. 166. (3) There was no privity between the parties.   Heizer v. Mfg. Co., 110 Mo. 605.   (4) The petition does not state a cause of action because it does not plead either general or specific negligence.   (5) The doctrine of *res ipsa loquitur* has no application to the facts in the case at bar.   Russell v. Ry. Co., 245 S. W. 590; Wheeler v. Laurel Bottling Works, 111 Miss. 442; Glaser

v. Seitz, 71 N. Y. Supp. 942; Stone v. Van Noy News Co., 153 Ky. 240; Bates v. Batey & Co., 3 K. B. (Eng.) 351; Guinea v. Campbell, 22 Quebec S. C. 257, 4 A. L. R. 1094, 8 A. L. R. 502, 13 A. L. R. 1176, 23 A. L. R. 484.

HIGBEE, C.—This is an action by plaintiff for loss of the services of his wife and medical and other expenses incurred as a result of personal injuries to her caused by the explosion of a bottle of ''Budweiser,'' manufactured and bottled by the defendant, to his damage in the sum of $10,000. The court sustained a demurrer to the petition. Plaintiff declining to plead further, judgment was rendered for the defendant and plaintiff appealed.

Appellant contends that the petition stated a cause of action and that the court erred in sustaining the demurrer. The petition is, in part, as follows:

''Plaintiff for cause of action against the defendant states that on or about July 3, 1920, while said Virginia Stolle, wife of plaintiff, was lawfully in the butcher shop of plaintiff, at 1233 North Taylor Avenue in the city of St. Louis, Missouri, and while she was standing resting her right hand and arm upon a counter therein and exercising ordinary care for her own safety, a glass bottle containing defendant's said product, Budweiser, which said bottle and its contents had shortly prior thereto been manufactured by the defendant for sale to and use by the public, and placed by one Mrs. Phil Martin, the customer who bought said bottle of Budweiser, upon said counter a few feet from where plaintiff's wife was standing as aforesaid, on account of and as a direct result of the negligence of the defendant, exploded, and a large pointed and sharp piece of glass therefrom, driven by the violence of the explosion, flew and struck with great force her right hand upon the back thereof near the knuckles, and severed, cut and lacerated the tendons, leaders, blood vessels, nerves, muscles, skin and flesh thereof, inflicting on her painful and permanent injuries.

''Plaintiff says that the defendant manufactured said bottle and its said contents and bottled and sealed said

Budweiser at its said plants in the city of St. Louis, and at all times had complete and exclusive control of said bottle and contents until defendant sold same to one Philip Polinsky, and delivered same to said Philip Polinsky, as a dealer, for the purpose of re-sale to the customer, at his grocery store, which was adjoining and connected by a door with the said butcher shop of plaintiff, and plaintiff says that Mrs. Phil Martin, in due course of business, purchased said bottle and contents from said Polinsky and carried it from said grocery store into said butcher shop and placed it upon said counter, where, a few minutes later, it exploded and injured plaintiff's wife as aforesaid.

"Plaintiff says that said bottle of Budweiser was properly and carefully handled by said Polinsky and said Mrs. Phil Martin and by all persons into whose hands it came after leaving the possession of defendant, and that said explosion was not caused by the fault, negligence or improper handling of said Budweiser on the part of anyone into whose hands it came after leaving the possession of defendant.

"Plaintiff further says that said Budweiser, when manufactured and bottled by defendant, was a carbonated beverage; that it was charged with carbon dioxide, or carbonic acid gas, which exerts an exploding pressure upon the bottle in which it is confined; that the bursting of said bottle of Budweiser would not have occurred if due care had been used by defendant, and plaintiff further says that all the facts and circumstances of and concerning the manufacture of said Budweiser and bottle are peculiarly and exclusively within the knowledge of the defendant and not within the knowledge of plaintiff."

The petition then pleads the injuries inflicted and special damages sustained by plaintiff.

The respondent's contentions in support of the action of the court in sustaining the demurrer, are, so far as need be noted: (1) the petition states conclusions as to vital matters without stating the facts on which the conclusions are based, and is demurrable; (2) there was

no privity of contract between the parties, and (3) the doctrine of *res ipsa loquitur* has no application to the facts in the case at bar.

I. The petition alleges that the bottle would not have exploded if due care had been used by the defendant; that all the facts and circumstances concerning the manu-

General Allegations. facture of the beverage and bottle were exclusively within the knowledge of the defendant and not within the knowledge of plaintiff. "Less particularity is required when the facts lie more in the knowledge of the opposite party." [Bliss on Code Pleading, (3 Ed.) secs. 310 and 310a, where pertinent illustrations are given.] The petition charges general negligence and, in the circumstances admitted by the demurrer, is sufficient.

II. The defendant's responsibility rests not on contract but in tort, "and therefore the contention as to

Contractual Relations. want of contractual relation is wholly irrelevant." [Waters-Pierce Oil Co. v. Deselms, 212 U. S. 159, 178; Wellington v. Oil Co., 104 Mass. 64; Weiser v. Holzman, 33 Wash. 87, and cases cited.]

III. Much diversity of opinion exists as to whether

Res Ipsa Loquitur. the doctrine of *res ipsa loquitur* applies to a case of this character. Among the cases cited by respondent are the following:

Russell v. Railway Co. (Springfield Court of Appeals), 245 S. W. 590. In that case plaintiff was employed by the defendant to go in the fire box of an engine to make repairs. The defendant installed an electric light in the fire box to enable plaintiff to see. The bulb exploded and some parts were driven into plaintiff's eye. On page 591, Cox, J., said: "There is no allegation that defendant manufactured and supplied its own light bulbs and the electricity to produce the light or that an explosion would not occur without some negligence in the use of the bulb and electricity or in the faulty construction of the bulb."

The case is an authority against respondent's contention.

In Guinea v. Campbell, 22 Quebec Superior Court, 257, a bottle of cream soda manufactured and sold by defendant burst, inflicting injuries on plaintiff's child. The defendant made a showing which, in the opinion of the judge, exonerated him. The headnote concludes: "The extent of obligation of persons selling gaseous waters as to the receptacles which contain them is to take every reasonable precaution that such receptacles shall be sufficient for the purpose." This case lends no support to defendant's contention.

In Stone v. Van Noy Railroad News Co., 153 Ky. 240, it was held that the bursting of a pop bottle afforded no presumption that it was defective or overcharged. Other cases relied on by respondent are found in the annotations to Chiles v. Ft. Smith Comm. Co., 216 S. W. (Ark.) 11, 8 A. L. R. 493. On page 502, the learned editor says:

"However, in Payne v. Rome Coca-Cola Bottling Co. (1912), 10 Ga. App. 762, 73 S. E. 1087, an action against bottlers, for personal injuries due to the explosion of a bottle of coca-cola, it was held that, as there was direct or circumstantial evidence of freedom from fault on the part of all persons through whose hands the bottle passed after it left the bottler, it was a case for the application of the doctrine of 'res ipsa liquitur.' The court said that 'since for every effect there is a cause, where negligence exists someone must have been the responsible author. If he can be found, it is right that he should pay the penalty. The bottle exploded. Inferentially, someone was negligent. It was not Cook, the last vendor of the bottle, nor the plaintiff's brother, nor the plaintiff, nor yet Barnett, because they all stand exonerated by direct or circumstantial evidence of their freedom from fault. But the inference of negligence remains, and someone is prima-facie to blame. By a process of elimination we get back to the manufacturer who set the dangerous agency in motion, and upon whom the blame ought inferentially to be fastened. It is certainly no hardship to require at the manufacturer's hands an explanation of the occurrence,

that the jury may say whether it, like the other persons who handled the bottle, has been exonerated. . . It charged the bottle with carbonic acid gas, it put together the constituent elements of the beverage, it manufactured or procured the bottle to hold these elements, and it put the bottle in circulation with an invitation to the public to use the contents as a harmless and refreshing beverage.' This case cannot be said to be in conflict with the other cases cited in this note, which have held that the mere explosion of a bottle does not present a case for the application of the doctrine of '*res ipsa loquitur*,' as in the latter cases there has not been the added evidence of freedom of fault on the part of all through whose hands the bottle passed after it left the bottler. In fact, the court in the Payne case stated specifically that, as to whether an inference of negligence would arise against the manufacturer upon mere proof of the explosion, without more, it expressed no opinion.''

In Grant v. Bottling Co., 176 N. C. 256, very similar on its facts to the case at bar, the court (foot p. 258) said:

''It is very certain that these establishments are not discharging their duty to the public and to their customers in putting out goods so prepared and bottled that there are numerous explosions, liable to cause injury at any time, and which not infrequently have done so, as in Dail v. Taylor, 151 N. C. 287, and Cashwell v. Bottling Works, 174 N. C. 324.

''If the charge of the court were correct, it would license the defendant and other dealers in these highly charged carbonated drinks to place upon the market highly dangerous merchandise, liable to explode and cause injury, such as the loss of plaintiff's eye, to all who handle these goods in the ordinary course of business, without any liability on the part of the manufacturers. The manufacturer is liable even to the final purchaser, though there was no contractual dealings between them. [Waters-Pierce Oil Company v. Deselms, 212 U. S. 159, 178, 179; Wellington v. Downer Co., 104 Mass. 64; Weiser v. Holzman, 33 Wash. 87.]

"It is not incumbent upon the plaintiff to show what precautions the defendant should take; that duty devolved upon the defendant, who was liable for negligence in putting such dangerous goods upon the market without sufficient precaution to make them safe."

The averments of the petition bring this case within the rule announced in Riecke v. Anheuser-Busch Brew. Assn., 206 Mo. App. 246, 249, 227 S. W. 631, where the court said:

"It is not contended by the plaintiff that there is any direct evidence of negligence on the part of defendant that caused the explosion, but the plaintiff relies entirely upon the presumption that arises from a showing that the explosion occurred. It is asserted that from the fact of the explosion under the conditions and circumstances, the law presumes some negligent act on the part of the defendant, and that the burden was then cast upon the defendant to acquit itself of negligence which arose against it by reason of the presumption.

"Defendant has cited us to several cases from other jurisdictions, which hold that the mere explosion of a bottle filled with a liquid charged with gas to the injury of another, does not raise a presumption of negligence, and hence it was incumbent upon the plaintiff to prove some specific act of negligence on the part of the defendant. [Wheeler v. Laurel Bottling Works, 111 Miss. 442; Glaser v. Seitz, 71 N. Y. Supp. 942; Stone v. Van Noy News Company, 153 Ky. 240, 154 S. W. 1092; Bates v. Batey & Co., 3 K. B. (Eng.) 351; Guinea v. Campbell, 22 Quebec S. C. 257.] In these cases either the plaintiff did not rely upon the doctrine of *res ipsa loquitur*, or else the bottle that exploded was no longer in the hands of the defendant, but had passed from it, and at the time of the explosion was under the control of another. The cases referred to are not authoritative in support of defendant's position, as the facts of this case are entirely different from the facts in the cases referred to.

"The case of Payne v. Rome Coca-Cola Company, 10 Ga. App. 762, applies the doctrine even to a case where

the bottle exploded in the hands of a dealer, and where the bottle had passed through several hands since leaving the possession of the defendant. This was upon the theory that the evidence showed that due care had been exercised by all of the parties who handled the product since it left the defendant's possession, and upon this proof the burden was then cast upon the defendant to show that it was free from negligence in the manufacture of the bottle and its contents.

"The maxim *res ipsa loquitur* applies to those cases where the facts show that the mere occurrence of the injury or accident implies a breach of duty on the part of the defendant; or, in other words, which tends to show some neglect or omission of duty as the proximate cause of the injury. The maxim is applied where a wrong by one has resulted in an injury to another, which is unusual in character, and which does not ordinarily happen provided proper care is taken, and where the facts showing the cause of the injury or the reasons for the happening of the event are peculiarly within the knowledge of the perpetrator.

"In the present case, the contents of the bottle was manufactured by and placed in the bottle by defendant, and the bottle was in charge of and under the exclusive control of the defendant until the time of the explosion. And further, the contents of the bottle was ordinarily harmless and when properly handled would not explode. The reasons for and the cause of the explosion were peculiarly within the knowledge of the defendant."

In a recent case we said: "The maxim (*res ipsa loquitur*) is founded upon the feeling that every apparent wrong resulting in injury to another which may only be palliated or explained by facts within the peculiar knowledge of the perpetrator, carries with it the proof of its wrongful character and places upon him the burden of offering a just excuse. [Morgan v. Cox, 22 Mo. 373; Tateman v. Railroad, 96 Mo. App. 448; Blanton v. Dold, 109 Mo. 65, 74; Rattan v. Electric Co., 120 Mo. App. 270; Sharp v. Railroad, 114 Mo. 94; Gannon v. Gas Light Co.,

145 Mo. 502.]'' This language is quoted from Thompson v. Railroad, 243 Mo. 336, 354, 148 S. W. 484. [See also Eckhardt v. Wagner Electric Co., 235 S. W. (Mo.) 117, 118, II; Prapuolenis v. Constr. Co., 279 Mo. 367, 213 S. W. 792; Ash v. Woodward-Tiernan, 199 S. W. 994; Kleinman v. Banner Laundry Co., 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479 and annotations.]

These bottled beverages, containing explosive gases, are put upon the market with the intention that they will be transported throughout the country and sold to consumers for the profit of the manufacturer. Obviously this should be at his risk. Public policy requires that the manufacturer should assume the risks and hazards of explosion incident to the reasonable and ordinarily careful transportation and handling of these goods in the usual course of business. The rule of liability announced in Grant v. Bottling Co., supra, is sane, logical, reasonable and practical and in accord with the rule of decision in this State. It is fair to the manufacturer and will afford the consumer of the beverage and those handling it in the ordinary course of trade reasonable protection, while the contrary rule leaves them practically without redress.

The judgment is therefore reversed and the cause remanded with directions to overrule the demurrer to the petition. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur, except *Walker, P. J.,* not sitting.