Action by Mary Groves against the Florida Coca-Cola Bottling Company, a corporation, for personal injuries sustained when a bottle exploded in course of plaintiff's employment as a waitress selling beverages bottled by defendant. From the judgment, plaintiff appeals.
Judgment reversed, and cause remanded.
The appellant, a waitress in a cold drink and sandwich shop which sold coca-colas bottled by the appellee, sustained injuries to her hand when a bottle of coca-cola she was carrying exploded while being transferred from its case in the rear room of the shop to a beverage cooler in the front of the establishment. She sued the Florida Coca-Cola Bottling Company to recover damages for the injury sustained on the theory that the appellee had negligently and carelessly bottled the product. At the close of her case in chief the trial court stated its view that a motion for a directed verdict should be granted in favor of the bottling company because of the insufficiency of the evidence, unless the appellant elected to submit to an involuntary nonsuit. The appellant thereupon took a nonsuit and judgment was entered in favor of the appellee. This appeal is from the judgment that was entered.
The record shows that the appellant failed to submit any direct evidence of negligence on the part of Florida Coca-Cola Bottling Company. The question for decision is whether such evidence as was adduced was sufficient to invoke the application of the rule res ipsa loquitur under which direct proof of active negligence is not indispensable in order to place on the manufacturer of bottled beverages the burden of explanation or rebuttal.
It is recognized by the decisions of this court that a manufacturer of bottled beverages may be held liable for injuries resulting from exploding beverage bottles after they have passed from the possession and control of the manufacturer, even though the injured person may fail to offer any direct proof of negligence on the part of the manufacturer. Before the duty devolves upon the manufacturer of going forward with the evidence in such a case, however, the injured person must make an affirmative showing that after the bottle left the possession and control of the bottler it was not subjected to any unusual atmospheric changes or changes in temperature such as might have been reasonably calculated to render the bottle defective or otherwise to cause an explosion and that it was not handled improperly from the time it left the possession of the bottler up to the time of the explosion. Compare Hughs v. Miami Coca-Cola Bottling Company, 155 Fla. 299, 19 So.2d 862; Starke Coca-Cola Bottling Company v. Carrington, 159 Fla. 718, 32 So.2d 583, and cases therein cited.
The learned judge who presided at the trial below was of the view that the case made by the appellant failed to meet the requirements of the cited cases and that the evidence adduced was insufficient to bring the appellant within the principle stated. We find ourselves unable to agree with this conclusion.
The record shows that the sandwich shop in which the appellant was employed consisted of a front room where customers were ordinarily served, and a rear room generally used for storage. On occasion, a small group of customers was allowed to sit in the rear room while taking refreshments, but for several days prior to the accident the room had not been used for such purpose. Each of the bottling companies who sold beverages to the shop delivered their bottled goods in cases to the rear room of the establishment and there stacked them on the floor in separate spaces specifically designated by the proprietor. On the day before the accident the Florida Coca-Cola Bottling Company delivered cases of coca-cola to the sandwich shop and stacked them in the space alloted to the company. A few coca-colas may have been on hand from the *Page 130 
preceding delivery, but this was unlikely because all coca-colas delivered were generally sold between the time of their delivery and the next succeeding delivery made by the bottler.
In addition to these facts there was evidence from which a jury might have found that between the time the coca-colas left the possession of the bottler and the occurrence of the accident the cased beverages delivered by appellee had not been subjected to any unusual atmospheric changes or changes in temperature. There was also testimony that each of the five persons who worked in the establishment or had occasion to go to the rear room where the cases were stacked had not handled the bottles improperly after delivery, and that to the best of their knowledge no other person had had the opportunity to do so.
The case containing the coca-cola which later exploded was underneath another case which had already been emptied. In order to get to the bottle the appellant moved the case above but did so in a prudent and careful manner. Immediately prior to the accident the appellant had carried several bottles of coca-cola in each hand from the rear room of the shop to the ice box in the front room of the building. Then she had placed them one at a time in an inverted position into the cooling compartment. As she was in the act of placing the last bottle in the cooler the bottle exploded and cut her hand severely.
The appellee maintains that under the facts stated the appellant did not make such an affirmative showing that the bottle of coca-cola involved was not negligently handled after it left the custody and control of the appellee as to warrant the application of the rule ipsa loquitur, because the evidence failed to exclude the possibility that some person other than a member of the establishment might have come in contact with the bottle and handled it negligently. We cannot agree with the appellee's position in the matter. While it is true that the law requires an affirmative showing to be made by the injured party that due care was used in the handling of a bottled beverage after it has left the possession and control of the manufacturer before the rule of res ipsa loquitur will be applicable, the law does not require that the injured person eliminate each and every remote possibility of injury to the bottle up to the time of the explosion. It is enough if the evidence is such as to permit a reasonable inference in light of all the circumstances that the bottle was not accessible to extraneous harmful influences after it left the possession of the bottler and that it was handled in a reasonably careful manner by the injured person and others who may have had reason to move or touch it. Compare Escola v. Coca Cola Bottling Co., 24 Cal.2d 453, 150 P.2d 436. When such evidence has been produced a prima facie case of negligence has been established sufficient to place the burden on the manufacturer of rebutting the presumption raised by the evidence that the explosion was the result of some defect in the bottle, improper charging or mixing of its contents, or negligent manner in its handling while in the possession and control of the manufacturer. Compare Payne v. Rome Coca-Cola Bottling Co., 10 Ga. App. 762, 73 S.E. 1087; Lanza v. De Ridder Coca Cola Bottling Co., La. App., 3 So.2d 217; Ortego v. Nehi Bottling Works, 199 La. 599,6 So.2d 677; Stolle v. Anheuser-Busch, 307 Mo. 520,271 S.W. 497, 39 A.L.R. 1001; Counts v. Coca-Cola Bottling Co. of St. Louis, Mo. App., 149 S.W.2d 418.
From the conclusions reached it follows that the judgment appealed from must be reversed and the cause remanded for further proceedings not inconsistent with this opinion and judgment.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur. *Page 131