45 So.2d 755 (1950)
HENNING
v.
THOMPSON.
Supreme Court of Florida, Division B.
April 14, 1950.
Rehearing Denied May 8, 1950.
H.H. Taylor and Henry H. Taylor, Jr., Miami, for appellant.
Dixon, DeJarnette & Bradford, Miami, for appellee.
*756 HOBSON, Justice.
This appeal is from an order of the trial court refusing to set aside a verdict of not guilty and order a new trial.
The appellant is a five year old child whose left eye was destroyed as the result of flying glass from an exploding Coca Cola bottle.
The declaration is based upon two theories  res ipsa loquitur and specific negligence. Appellant insists that the charge given by the trial court to the jury was conflicting and contradictory depriving him of the inference of negligence raised by the doctrine of res ipsa loquitur. This we feel would be prevailing except that in the first instance error was committed in charging the jury under the res ipsa loquitur theory.
The pertinent facts of the case are:
Appellant's mother purchased several cases of Coca Cola from defendant to serve as refreshments for a Sunday School Class party. An affirmative showing of proper handling was made from the time of the purchase until the time of the party. It is admitted, however, by the mother, that at the party some sixteen to twenty children got their own bottles from the tub in which the drinks were iced down. There is a complete absence of evidence to show that nothing happened during the progress of the party which contributed to or caused the explosion and the resulting unfortunate injury. We hold that it was necessary for the plaintiff to exclude the possibilities of injury to the bottle which possibilities were obviously not remote when a goodly number of frolicking youngsters may have in some way damaged the bottle. In other words, the plaintiff has failed to negate the possibility of an intervening force which must be done before the doctrine of res ipsa loquitur can be called into play.
The second point raised by the plaintiff is well taken and requires a reversal and a new trial. The declaration raised the issue that the bottle was not properly inspected. (Emphasis supplied) The charge of the court set forth the simple issue of whether the bottle was inspected. The difference between the issue as raised and the issue as charged is readily apparent. Under the necessarily strict rule that error in a charge must be presumed to have been acted upon by a jury, we feel that the court below committed prejudicial and harmful error and must be reversed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.