Zimmeeman, J.,
dissenting. Since the defendant marketed the aerial bomb in issue under its (defendant’s) own name and label, the rule should be applied that where ‘ ‘ one * * * puts out as his own product a chattel manufactured by another [he] is subject to the same liability as though he were its manufacturer.” 2 Restatement of the Law of Torts, 1086, Section 400.
There can be no doubt in the instant case that the premature explosion of the bomb itself, and not the explosion of the “lift” charge, shattered the mortar into which the bomb had been inserted.
It is a matter of common knowledge that ordinarily after the fuse of an aerial bomb is ignited the initial result is the propulsion of the bomb upwards in the air, and subsequently the bomb itself explodes due to the ignition of a second charge inside it. Where such a bomb, which is not a particularly fragile object, explodes prematurely, as the one here involved did, the cause of such an abnormal occurrence would be attributed by the average individual first to faulty con *473 struction. Here the plaintiff traced with a satisfactory degree of thoroughness the history of the bomb from the time it left defendant’s place of business until it was placed in the mortar. To my mind, such evidence reasonably warranted the inference that the bomb had been treated with due care after it left the hands of the defendant and had not been subjected to extraneous forces which would tend to cause a dislocation or impairment of its interior parts.
In circumstances of this kind, I see nothing pernicious or objectionable in invoking the rule of res ipsa loquitur. See Escola v. Coca Cola Bottling Co., 24 Cal. (2d), 453, 150 P. (2d), 436, and Groves v. Florida Coca Cola Bottling Co. (Fla.), 40 So. (2d), 128.
After all, such rule merely gives rise to a permissible inference of negligence on the part of the one against whom it is invoked and requirés him to proceed with explanatory evidence to rebut the inference so raised. Then it becomes the function of the trier of the facts, usually a jury, to determine liability or nonliability, under proper instructions from the court.
On the question of “control” in a ease like the one at bar, it should suffice to show that the defendant had control of the offending instrumentality at the time of the negligent act claimed, and a showing of control at the time of the injury is unnecessary. See 3 Cooley on Torts (4 Ed.), 386, Section 480.
Of course, I agree that the rule of res ipsa loquitur ■ should not be extended so as to produce unreasonable or absurd results.
In my opinion, the judgment of the Court of Appeals herein should be affirmed.