BARKDULL, Judge.
By this appeal, the appellant [plaintiff in the trial court] seeks review of an adverse summary final decree. It appears from the record that the plaintiff is engaged in the beauty shop business in Miami Beach, and that the appellee is a linen supplier. That on October 22, 1964, the parties entered into a three-year contract providing for linen service with a unit price for the towels delivered. The contract reads in part as follows:
* * * * * *
“ * * * Company may, at its option, but with our/my consent, increase these prices if costs increase * * *
* * * * * *
“1 Yr. Free 2nd Yr. price Guarantee no rise in price for 3rd yr. * * * ”
*178 That some time shortly after the first of the year in 1965, the linen supply company indicated that it proposed to raise its unit price, notwithstanding its agreement. This was orally communicated to the operator of the beauty shop. She had subsequent discussions with representatives of the linen supply company, and the service continued until approximately the beginning of February, 1965, when one Friday, upon a regular delivery being made, the representative of the linen company demanded C.O.D. payment and, when this was refused, took out the linens. Thereafter, following alleged efforts by the principal of the beauty shop to obtain other services, she permitted the linen supply service to continue to supply her and they demanded and collected the additional charges.
Many of these facts were in dispute, but upon the state of this record we are required to take them for the purpose of determining the propriety of the summary final decree in a light most favorable to the plaintiff. See: Weinstein v. General Accident Fire & Life Assurance Company, Limited, Fla.App.1962, 141 So.2d 318; Koplin v. Bennett, Fla.App.1963, 155 So.2d 568; Jaworski v. City of Opa Locka, Fla.App. 1964, 170 So.2d 484. The crucial question to be determined is whether or not, following the linen supply company exercising its option to raise prices, did the beauty shop voluntarily “consent” to this increase.
The court notes that the demand for payment was made at the end of a week in February, which is the height of the winter tourist season in Miami Beach and, undoubtedly, one of the busiest times of the year for the plaintiff’s type of business. Under these circumstances, it would appear that there is a genuine question as to whether or not there was “consent” freely and voluntarily or “consent” as a result of economic compulsion. See: 25 Am.Jur.2d, Duress and Undue Influence, § 6 and cases cited therein; Williston, Contracts (Rev. ed Vol. 5) § 1618. Immediately following the acceptance of the service at a higher rate, the plaintiff instituted the instant action as an equity matter seeking certain equitable relief, $3,000.00 compensatory damages, and $25,000.00 punitive damages. Before the case became at issue by the filing of an answer, the defendant took the deposition of the principal of the plaintiff corporation and moved for a summary judgment, which resulted in the order here under review.
We fail to find, from the record, any basis for equitable relief or claim for punitive damages. However, it does appear that the plaintiff has a claim for breach of contract if she did not voluntarily “consent” to the increase in the unit prices and, therefore, the summary final decree here under review is hereby reversed with directions to the chancellor to transfer this matter to an appropriate court of law for future proceedings consistent with this opinion.
Reversed with directions.