299 So.2d 78 (1974)
COCA-COLA BOTTLING COMPANY, a Florida Corporation, Appellant,
v.
Ann CLARK, a Femme Sole, Appellee.
No. T-183.
District Court of Appeal of Florida, First District.
July 30, 1974.
Rehearing Denied September 6, 1974.
*79 Terrill J. LaRue of Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for appellant.
Wilton R. Brinkley, Daytona Beach, for appellee.
BOYER, Acting Chief Judge.
Appellant, one of the defendants below, appeals a final judgment entered pursuant to a jury verdict in favor of the plaintiff below emanating from an exploding bottle case.
Plaintiff purchased from Winn-Dixie Stores, Inc. a 28-ounce bottle of Coca-Cola. The bottle was placed in a shopping bag and taken to the plaintiff's home where she placed it in her refrigerator. She testified that from the time she picked up the bottle at the store until she put it in the refrigerator the bottle did not bump against anything. She did not bump the bottle at the time it was removed from the refrigerator nor did the bottle encounter any other unusual circumstances such as sudden temperature changes. When the bottle was removed by the plaintiff from her refrigerator for the purpose of consumption it exploded, injuring her foot. The plaintiff did not notice any defects in the bottle nor anything unusual about the way it had been filled or capped.
Suit was filed against Winn-Dixie Stores, Inc. and Coca-Cola Bottling Company, the complaint being in two counts, negligence and implied warranty.
At the trial the plaintiff adduced testimony from three witnesses; herself, a neighbor who did not witness the incident and her physician who testified only as to injuries and treatment. She also entered into evidence a 28-ounce bottle of Coca-Cola (not the bottle which exploded) and a composite exhibit of seven medical bills. The defendant called one expert witness. No other evidence was adduced.
At the close of the plaintiff's case, and again at the close of all the evidence, defendants moved for a directed verdict. The trial judge reserved his ruling thereon.
The jury returned a verdict in favor of the plaintiff and against defendant Coca-Cola Bottling Company; finding the defendant Winn-Dixie Stores, Inc. not guilty.
Appellant contends on this appeal that the trial court erred in failing to grant its motion for directed verdict. We agree.
No evidence was adduced at trial in support of the plaintiff's count based on negligence and the evidence does not support a verdict under the doctrine of res ipsa liquitur.
The parties have cited four, and only four, cases upon which they rely. Each will be herein discussed. The case most factually similar to our case sub judice is Hughs v. Miami Coca-Cola Bottling Co., 1944, 155 Fla. 299, 19 So.2d 862. There our Supreme Court said:
"Briefly stated, this is the testimony offered by plaintiff in behalf of his case. At the conclusion of the testimony the trial judge, on motion, directed a verdict for the defendant. From this ruling and the judgment entered thereon this appeal is taken. The question is whether the granting of the motion for directed verdict constituted reversible error.
"Upon a motion for directed verdict made at the close of the plaintiff's case the evidence given on behalf of the plaintiff must be considered as true. Dempsey-Vanderbilt Hotel v. Huisman, 153 Fla. 800, 15 So.2d 903. For the purpose of the motion the moving party admits not only the facts adduced, but every conclusion favorable to his adversary fairly and reasonably inferable therefrom. Florida Motor Lines, Inc. v. Bradley, 121 Fla. 591, 164 So. 360; Talley v. McCain, 128 Fla. 418, 174 So. 841; Russell v. Atlantic Coast Line R. Co., 129 Fla. 535, 176 So. 778; Hastings v. Taylor, 130 Fla. 249, 177 So. 621; Duval Laundry Co. v. Reif, 130 Fla. 276, 177 So. 726; Fain v. Cartwright, *80 132 Fla. 855, 182 So. 302; Carter v. Florida Power & Light Co., 138 Fla. 220, 189 So. 705; Smith v. Burdines, Inc., 144 Fla. 500, 198 So. 223, 131 A.L.R. 115. But when there is an absence of all evidence to establish liability, and nothing from which liability may be fairly and reasonably inferred, the motion for directed verdict should be granted. Sec. 54.17, Florida Statutes, 1941 F.S.A.; Crandall, Florida Common Law Practice, pp. 305, 306, § 208, and cases there cited.
"There is no direct proof in the record of negligence on the part of the Miami Coca Cola Bottling Company. The plaintiff concedes such fact, but submits that this is a case the facts of which call for the application of the rule res ipsa loquitur, under which direct proof by plaintiff of active negligence is not necessary to require of the defendant explanation or rebuttal.
"Some of the courts of the land have applied the rule res ipsa loquitur to cases in which exploding beverage bottles have been involved, and have held the bottler liable in damages even though the agency causing the injury was not in his possession or control at the time of the accident. See Payne v. Rome Coca Cola Bottling Co., 10 Ga. App. 762, 73 S.E. 1087; Benkendorfer v. Garrett, Tex. Civ.App., 143 S.W.2d 1020; Bradley v. Conway Springs Bottling Co., 154 Kan. 282, 118 P.2d 601; Stolle v. Anheuser-Busch, 307 Mo. 520, 271 S.W. 497, 39 A.L.R. 1001; Coca-Cola Bottling Works v. Shelton, 214 Ky. 118, 282 S.W. 778; Grant v. Graham Chero-Cola Bottling Co., 176 N.C. 256, 97 S.E. 27, 4 A.L.R. 1090; 18 N.C.C.A. 869, 4 A.L.R. 1090; Auzenne v. Gulf Public Service Co., La. App., 181 So. 54. But so far as we have been able to find from a study of the decisions, no court has ever held that recovery may be had in such cases, under the res ipsa loquitur doctrine, without an affirmative showing on the part of the plaintiff that after the bottle left the possession of the bottler it was not subjected to any unusual atmospheric change or changes in temperature, or that it was not handled improperly up to the time of the explosion. See Payne v. Rome Coca Cola Bottling Co., supra; Auzenne v. Gulf Public Service Co., supra; Benkendorfer v. Garrett, supra; Stolle v. Anheuser-Busch, supra; Lanza v. De Ridder Coca Cola Bottling Co., La. App., 3 So.2d 217; Ruffin v. Coca Cola Bottling Co., 311 Mass. 514, 42 N.E.2d 259.
* * * * * *
"* * * In the state of the record it cannot be said that there is such proof that the bottle was not handled improperly in the store, or by the delivery boy, or in the home, after it left the hands of the manufacturer, as will call for explanation or rebuttal on the part of the defendant. Because of the failure of such proof in the record the rule res ipsa loquitur would not be available in any event. * * *" (Emphasis added; 19 So.2d at pages 863 and 864)
In the case sub judice there was no evidence adduced as to what happened to the subject bottle of Coca-Cola from the time of its manufacture, viz: from the time that the bottle was filled by the bottler, to the time that it was purchased by plaintiff.
In Groves v. Florida Coca-Cola Bottling Co., Sup.Ct.Fla. 1949, 40 So.2d 128, the Supreme Court held the doctrine of res ipsa loquitur to be applicable in exploding bottle cases under certain specific circumstances, the court saying:
"The record shows that the appellant failed to submit any direct evidence of negligence on the part of Florida Coca-Cola Bottling Company. The question for decision is whether such evidence as was adduced was sufficient to invoke the application of the rule res ipsa loquitur under which direct proof of active negligence is not indispensable in order to place on the manufacturer of bottled beverages the burden of explanation or rebuttal.

*81 "It is recognized by the decisions of this court that a manufacturer of bottled beverages may be held liable for injuries resulting from exploding beverage bottles after they have passed from the possession and control of the manufacturer, even though the injured person may fail to offer any direct proof of negligence on the part of the manufacturer. Before the duty devolves upon the manufacturer of going forward with the evidence in such a case, however, the injured person must make an affirmative showing that after the bottle left the possession and control of the bottler it was not subjected to any unusual atmospheric changes or changes in temperature such as might have been reasonably calculated to render the bottle defective or otherwise to cause an explosion and that it was not handled improperly from the time it left the possession of the bottler up to the time of the explosion. Compare Hughs v. Miami Coca-Cola Bottling Company, 155 Fla. 299, 19 So.2d 862; Starke Coca-Cola Bottling Company v. Carrington, 159 Fla. 718, 32 So.2d 583, and cases therein cited." (Emphasis added; 40 So.2d at page 129)
It is apparent, therefore, that the doctrine of res ipsa loquitur could not properly be applied under the evidence, or the lack of it, in the case sub judice.
Plaintiff relies heavily upon Canada Dry Bottling Company of Florida v. Shaw, Fla.App.(2d) 1960, 118 So.2d 840 wherein the opinion recites that "Prior to closing her case the plaintiff announced her abandonment of all claims of negligence, including the res ipsa loquitur doctrine, and relied solely on the theory of implied warranty." However the evidence sub judice cannot find refuge in that case. The essential holding of our sister court in that case was that the doctrine of implied warranty may be applied to the container (the bottle) as well as its contents. With that holding we agree. However, in the Canada Dry case the evidence revealed, as recited by the court, that the bottle which exploded was a "multi-trip" bottle which had been damaged internally in the neck under the cap and that the damage was present at the time the bottle was last filled and capped. We have no such facts sub judice.
Renninger v. Foremost Dairies, Inc., Fla.App. (3d) 1965, 171 So.2d 602, also relied upon by the plaintiff, was not an exploding bottle case but it did involve a case wherein a milk bottle broke when picked up in the store by the plaintiff. There our sister court of the Third District simply held that under the evidence in that case the jury was entitled to find that the bottle of milk was defective at the time it was delivered by the bottler to the store. Since we have no evidence at all in that regard in the case sub judice the Renninger decision is not helpful.
Appellee, plaintiff below, urges in her brief that appellant admitted in response to interrogatories and requests for admissions filed in the court below that it delivered Coca-Colas to Winn-Dixie on the day before the purchase of the offending bottle and that it was the sole supplier of Coca-Colas to Winn-Dixie. Although the record on appeal, prepared by the clerk of the lower court pursuant to directions filed in accordance with the Florida Appellate Rules does indeed contain interrogatories and answers thereto and requests for admissions, we have carefully read the entire transcript of the trial proceedings and fail to there find any reference to interrogatories or requests for admissions.
It is elementary that a jury is entitled to consider only such evidence as is properly adduced during the trial. Matters dehors the record may not properly be considered. The issues to be resolved by the trier of facts are determined by the complaint and answer (including any amendments thereto). Those issues may, of course, be modified at a pretrial conference held in accordance with the applicable Rules of Civil Procedure, or by stipulation of the parties in accordance with those rules. (Rule 1.030, RCP) They may also *82 be modified by implication if the pleadings are amended to conform to the evidence in accordance with Rule 1.190 RCP.
The issues, however, must be resolved by the trier of facts in accordance with the evidence, or stipulations. Pretrial discovery, including depositions, written interrogatories and answers thereto, requests for admissions and answers thereto, do not become a part of the evidence to be considered in resolving the trial issues unless properly offered and received into evidence. The mere act of filing a document or other tangible item in the file of the cause does not thereby render it a part of the evidence to be considered by the trier of facts.
An appellate court, reviewing a post-trial judgment (as distinguished from a pretrial judgment, such as a summary judgment, judgment on the pleadings or judgment of dismissal) may only consider that which was properly made a part of the trial record.
As above stated, our examination of the transcript of the trial proceedings does not reflect any offer, proffer nor mention of interrogatories, answers thereto nor requests for admissions: Accordingly, such could not have been a part of the evidence, could not have been properly considered by either the trial court or the jury and therefore could not aid the plaintiff in resisting the motion for directed verdict.
Lest it be suggested that we have overlooked the proceedings relating to a pretrial conference held by the parties we here acknowledge that there appears in the record on appeal a paper filed by defendants entitled "Compliance with Order for Pretrial Conference" in which it is recited that "Pursuant to the order for pretrial conference entered herein, the defendants hereby notify all parties to this cause as follows: (a) the defendants will admit all matters which have previously been admitted by them in any pleadings filed in this cause." However, answers to interrogatories and requests for admissions are not "pleadings". Pleadings are the allegations made by the parties to a suit for the purpose of presenting the issues to be tried and determined. They are the formal statements by the parties of the operative, as distinguished from the evidential, facts on which their claim or defense is based. (25 Fla.Jur., Pleadings, § 2; Metcalf v. Langston, Fla.App. (1st) 1974, 296 So.2d 81). See also Home Owners' Service Corp. v. Hadley, 86 Ohio App. 340, 84 N.E.2d 314; Bowles v. Safeway Stores, D.C.Mo., 4 F.R.D. 469; Dunleer Co. v. Minter Homes Corporation, D.C.W.Va., 33 F. Supp. 242; and Allison v. English, 116 Ga. App. 318, 157 S.E.2d 324.
Being anxious however not to appear to be "hypertechnical" and being equally anxious not to do violence to the intentions of the parties, we find that even when considering the answers to interrogatories and requests for admissions as recited in appellee's brief as above mentioned, the facts still do not meet the tests of the statutory or case law of our State for the imposition of liability upon appellant here on the theory of negligence, including the doctrine of res ipsa loquitur, nor implied warranty of either the product or the container.
Even if we consider the requests for admissions and interrogatories and answers thereto to have been a part of the evidence, the record is nevertheless devoid of any proof as to what happened to the bottle of Coca-Cola from the time of its delivery to Winn-Dixie to the time of its purchase by the plaintiff. As is recited in the cases from whence we have above quoted, there must be proof, in order for an injured purchaser to recover from the bottler in cases where the product was purchased from an intermediate retailer, that the product "was not handled improperly from the time it left the possession of the bottler up to the time of the explosion." Assuming, again, that the evidence were as contended by appellee, the proof below was only that the bottle was sold by appellant to Winn-Dixie and that it was not mishandled *83 by the plaintiff after purchase. There is not a scintilla of even a suggestion as to what happened to the bottle while it was in the possession of the retailer.
The judgment appealed is therefore reversed with directions to the trial court to vacate and set aside the judgment appealed and to enter a judgment in favor of the defendants below and against the plaintiff.
It is so ordered.
McCORD, J., concurs.
DREW (Ret.), Associate Judge, dissents.
DREW (Ret.) Associate Judge (dissenting).
I cannot disagree with my colleagues on their treatment of the failure of the plaintiff to introduce into evidence, at the trial before the jury, the depositions and admissions. The failure to do so, admittedly, precluded the jury from considering the disclosure of such documents. I do feel, however, that the disclosures of such documents are unnecessary to plaintiff's case. Obviously, this was also the view of the able trial judge, the attorneys who tried the case, and the jury that brought in a verdict for the plaintiff 16 minutes after the case was submitted to them.
The plaintiff testified "that on the afternoon of February 1, 1972, she went shopping in the Winn-Dixie Store in the Bellair Plaza Shopping Center in Daytona Beach. Among other things, she bought a twenty-eight (28) ounce bottle of Coca-Cola. The bottle was put into a shopping bag and she walked home where she put the Coca-Cola in the refrigerator, and testified that from the time she picked up the bottle at Winn-Dixie until she put it in the refrigerator, the bottle didn't bump anything. She said as she removed the Coca-Cola bottle from the refrigerator, it exploded. She said she hadn't struck anything in the refrigerator with the bottle as she removed it. She identified the bottle as being the same type as a twenty-eight (28) ounce bottle which was entered into evidence. That, however, was not the bottle which had exploded. She noticed that her foot was cut after the explosion and she called her neighbor, Beverly Roznak. She was then taken to Doctor Ahmed's office where he treated her. She said she had never noticed any defects in the bottle, nor anything unusual about the way it had been filled or capped."[1] The fact of the injury and of the breaking of the bottle, the nature of the injury and of its treatment, and damages flowing therefrom were established by other witnesses.
Defendant Winn-Dixie offered no evidence. Coca-Cola presented its sole witness, a professor emeritus of physics at Drury College. He testified he had, over a period of about 35 years, made a study of "containers and pressures involved in containers such as Coca-Cola, Pepsi-Cola, canned foods" and similar containers. He said he wrote a comprehensive report on the subject. Since 1940, he said he had testified over the country in behalf of bottling companies in cases of this kind. His testimony was principally technical concerning pressure inside containers, the cause of increases and decreases in pressure, method of manufacture, defects in bottles and related matters. His testimony was to the effect that it was practically impossible for a bottle of the type involved here to explode in the absence of a crack or defect or improper handling which would cause breakage or weakening. He testified on a hypothetical question that the bottle of Coca-Cola involved in this case could not have exploded in the manner and under the facts related by plaintiff. He concluded, however, by stating that every vessel that is manufactured today could, under some circumstances, explode.
During the trial there never was any question raised that the bottle was not manufactured by Coca-Cola, bottled by it and delivered to Winn-Dixie where plaintiff *84 purchased it. As I read to the record everybody concerned assumed this to be true.[2] If, as suggested, the cause of the explosion was the possible mishandling by Winn-Dixie (it being a defendant in the suit along with Cola-Cola), that was a matter to be litigated in the cause between them. Mishandling by Winn-Dixie would not have precluded plaintiff's recovery. It would be relevant only to determine whose fault of negligence caused the injury, and the jury answered this question in assessing the damages against Coca-Cola.
The cases cited in the majority opinion involved facts so different in material respects from those here that, in my view, they are inapposite. Moreover, the trend of the modern decisions, as I read them, is to remove some of the strict requirements of proof that prevailed in the past in actions of this sort. The concept that the plaintiff must show that the product, after it left the possession and control of the bottler, was not subject to "any unusual atmospheric changes or changes in temperature such as might have been reasonably calculated to render the bottle defective or otherwise to cause an explosion and that it was not handled improperly from the time it left the possession of the bottler up to the time of the explosion" is not realistic, and would place a well nigh impossible burden on the plaintiff in many instances. That theory has largely been abandoned in most of the modern cases.
Canada Dry Bottling Company of Florida v. Shaw, 118 So.2d 840 (Fla.App.2nd 1960), affirmed a plaintiff's judgment when a bottle exploded while it was being opened. There the Court, in its extended discussion of the question, quoted Prosser on Torts as follows:
"`* * * On one theory or another, strict liability is now recognized in food cases in California, Florida, Illinois, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and Washington, and possibly in Alabama, Arizona, and Kentucky.'"
Now, in conclusion, the plaintiff's story doesn't sound plausible to me; but the jury believed her as it had the right and authority to do, and the trial court in denying a new trial agreed with the jury. The parties raise no objection to the court's instructions. I would affirm the judgment. Even if I could be persuaded that the disclosures of the depositions, interrogatories and admissions were essential to the validity of the verdict and judgment, in view of the fact that all parties apparently conceded the facts such documents disclosed, I would at least send the case back for a new trial. Simple justice, in my view, compels such a course.
For these reasons, I respectfully dissent.
NOTES
[1] This is the narrative taken from appellant's brief.
[2] The extensive testimony of the expert from Coca-Cola, to be relevant, had to assume these facts.