PER CURIAM.
Appellant, plaintiff below, appeals orders of the trial court granting appellee’s, defendant below, motion for summary final judgment and denying appellant's motion for a rehearing.
Appellant filed a complaint in the circuit court seeking damages for accrued employee benefits allegedly due him pursuant to an oral employment contract with appel-lee by whom he was fired. Thereafter, ap-pellee filed a motion for summary judgment which, after a hearing, was granted by the trial court in an order dated April 10, 1975. Appellant’s motion for a rehearing was then denied by the trial court in an order dated June 19, 1975. From the orders, appellant brings this appeal.
Appellant contends that the trial court erred as a matter of law in granting summary judgment for appellee and by denying its motion for a rehearing.
Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., provides, inter alia, that a summary judgment may be granted “if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” In reviewing the record, sub judice, in the light most favorable to appellant, we are of the opinion that appellee adequately carried the burden set forth in Rule 1.510 and that the trial court properly granted summary judgment in its favor. See, e. g., McGahee v. Dade County Board of Public Instruction, Fla.App.1973, 279 So.2d 87; Biscayne Constr., Inc. v. Wesley Constr. Co., Fla. App.1973, 276 So.2d 524; Brandeis v. Felcher, Fla.App.1968, 211 So.2d 606; Mimaroe, Inc. v. Sanitary Service Co., Fla. App.1966, 185 So.2d 177; and see 2 Fla. Jur., Appeals § 307.
We have considered the record, all points in the briefs, and arguments of’ counsel in the light of the controlling principles of law, and have concluded that no reversible error has been shown. Therefore, for the reasons stated and upon the authorities cited, the summary final judgment and the order denying the petition for rehearing are affirmed.
Affirmed.