335 So.2d 589 (1976)
Betty LAUCK and Jerry Lauck, Her Husband, Appellants,
v.
PUBLIX MARKET, INC., a Florida Corporation, et al., Appellees.
No. 75-1102.
District Court of Appeal of Florida, Third District.
June 22, 1976.
Rehearing Denied August 10, 1976.
Podhurst, Orseck & Parks, Spence, Payne & Masington, Miami, for appellants.
Preddy, Haddad, Kutner & Hardy, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellants, plaintiffs below, appeal from a summary final judgment in favor of appellees, defendants below, granted by the trial court at a pre-trial conference.
This cause was commenced when appellants filed their complaint for damages for injuries suffered by appellant Mrs. Betty Lauck when a bottle of Canada Dry Gingerale which she had purchased from appellee Publix Market, Inc., exploded in her hand. The complaint contained counts for negligence, including a theory of res ipsa loquitur, and for breach of implied warranties. After extensive discovery, the trial court at a pre-trial conference granted appellees' motion for summary judgment. From this final summary judgment, appellants appeal.
Appellants raise the following point on appeal: whether the trial court corectly determined that the record conclusively demonstrated the absence of liability on the part of appellees Canada Dry Bottling Co. of Florida, Inc., and Publix Market, Inc.
Appellants' point on appeal can be resolved by an examination of Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., relating to summary judgments, and our recent decision in Steele v. Royal Crown Cola Bottling Co., Fla.App. 1976, *590 335 So.2d 586 (Opinion filed June 22, 1976). Rule 1.510 provides, inter alia, that a summary judgment shall be entered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Also, in considering an order granting a summary judgment, which is in essence a directed verdict, the facts must be viewed in the light most favorable to the party against whom the judgment was granted. See, e.g., McGahee v. Dade County Board of Public Instruction, Fla.App. 1973, 279 So.2d 87; and Mimaroe, Inc. v. Sanitary Service Co., Fla.App. 1966, 185 So.2d 177.
In light of these two rules, we believe that, in the instant appeal, the basic question for us to decide is whether or not, based on the record at the time of the pre-trial conference, there existed any genuine issue as to any material fact.
As set forth in the Steele case, supra, the doctrine of res ipsa loquitur can apply to exploding bottle cases. Appellants relied upon this doctrine as one of the theories in their complaint and, therefore, at the time of the pre-trial conference, any facts shown in the pleadings, depositions, answers to interrogatories, etc., tending to show the requisite elements for res ipsa loquitur to apply would be material. In our opinion, the record discloses that, at the time the trial court granted appellees' motion for summary judgment, there did exist genuine issues of fact which, if resolved in favor of appellant, could have permitted res ipsa loquitur to apply. Thus, it was premature for the trial court, at the pre-trial conference, to grant the motion. This opinion should not in any way be construed as commenting otherwise on the merits of the cause.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final summary judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
BARKDULL, Chief Judge (dissenting).
I respectfully dissent from the majority opinion and would sustain the summary judgment under review.
The appellants were plaintiffs in the trial court. They brought an action against a retailer, the bottler, and the manufacturer of a bottle of Canada Dry soda. The matter came on for pretrial conference and at that time, from the pleadings, depositions, and admissions, it appeared that the plaintiff (Betty Lauck) had purchased four bottles of Canada Dry soda from Publix Market, Inc., taken them to her home, picked them up the next morning at which time one of the bottles exploded and cut her finger. The time lapse between the purchase and the accident was approximately fourteen hours. She testified that no untoward incident occurred which would contribute to a bottle exploding or collapsing.
At the time of pretrial conference, counsel for the plaintiffs admitted that he did not intend to introduce testimony of an expert to establish a defect in the soda bottle, but rather chose to rely solely on the doctrines of res ipsa loquitur and implied warranty. Upon this admission, the trial judge entered a summary judgment and this appeal ensued.
The appellants state the following in their reply brief:
* * * * * *
"* * * The mere fact of the explosion, of course, sufficiently establishes *591 enough of a defect, for purposes of res ipsa loquitur, as is shown by GROVES, supra; STARKE, supra; and MARINI. * * *"[1]
* * * * * *
These cases did not involve bottles exploding in a home. We find only two cases cited by the appellants which involve exploding bottles in the home. They are Coca-Cola Bottling Company v. Clark, Fla.App. 1974, 299 So.2d 78 and Hughs v. Miami Coca Cola Bottling Company, 155 Fla. 299, 19 So.2d 862. In both cases relief to the plaintiff was denied. The only other Florida case we have found involving the explosion of a bottle in a home is Henning v. Thompson, Fla. 1959, 45 So.2d 755, where the plaintiff's claim was again denied. We find no case in Florida which has allowed recovery on the facts that exist in this case upon a theory of res ipsa loquitur.
The appellant, Betty Lauck, and her family had exclusive control of the four bottles purchased for some fourteen hours prior to the accident. She was removing two bottles at the same time from a bag on the floor of her kitchen. When her son spoke to her, she turned her head and one of the bottles exploded. Based on the appellant's recitation, purporting to negate unusual events, we are asked to infer that nothing occurred to the bottles from the time of purchase to the time of the accident. We are asked to further infer that no action of the appellant caused the explosion. The Supreme Court of Florida has addressed itself to the very contentions made by the appellants here. There has been no contrary rule announced by that court and the case of Henning v. Thompson, Fla. 1950, 45 So.2d 755, controls on the point of law directly involved here.
* * * * * *
"The appellant is a five year old child whose left eye was destroyed as the result of flying glass from an exploding Coca Cola bottle."
* * * * * *
"The pertinent facts of the case are:
"Appellant's mother purchased several cases of Coca Cola from defendant to serve as refreshments for a Sunday School Class party. An affirmative showing of proper handling was made from the time of the purchase until the time of the party. It is admitted, however, by the mother, that at the party some sixteen to twenty children got their own bottles from the tub in which the drinks were iced down. There is a complete absence of evidence to show that nothing happened during the progress of the party which contributed to or caused the explosion and the resulting unfortunate injury. We hold that it was necessary for the plaintiff to exclude the possibilities of injury to the bottle which possibilities were obviously not remote when a goodly number of frolicking youngsters may have in some way damaged the bottle. In other words, the plaintiff has failed to negate the possibility of an intervening force which must be done before the doctrine of res ipsa loquitur can be called into play." (emphasis supplied)
* * * * * *
Without proof of a defect, no cause of action for breach of implied warranty can be maintained. Cromarty v. Ford Motor Company, Fla.App. 1975, 308 So.2d 159; Mattes v. Coca Cola Bottling Co. of Miami, Fla.App. 1974, 311 So.2d 417; Lash v. Noland, Fla.App. 1975, 321 So.2d 104.
NOTES
[1] Starke Coca-Cola Bottling Company v. Carrington, 159 Fla. 718, 32 So.2d 583; Groves v. Florida Coca-Cola Bottling Company, Fla. 1949, 40 So.2d 128; Vitale Fireworks Manufacturing Co., Inc. v. Marini, Fla.App. 1975, 314 So.2d 176.