335 So.2d 586 (1976)
Clemistine STEELE, Appellant,
v.
ROYAL CROWN COLA BOTTLING CO., a Florida Corporation, Appellee.
No. 75-1029.
District Court of Appeal of Florida, Third District.
June 22, 1976.
Rehearing Denied July 29, 1976.
Wolfson, Diamond & Logan, Miami Beach, Podhurst, Orseck & Parks, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, William John Mason, Miami, for appellee.
*587 Before PEARSON, HENDRY and NATHAN, JJ.
HENDRY, Judge.
This is an appeal by plaintiff, Clemistine Steele, from a final judgment entered by the circuit court, pursuant to a directed verdict at the close of her case during a jury trial, in favor of defendant, Royal Crown Cola Bottling Company, Inc., of Miami, Florida (Royal Crown).
The underlying products liability personal injury action arose out of the explosion on December 1, 1972, of a bottle of Royal Crown Cola which had been standing on the check-out counter of Neal's Grocery and Market in Miami, Florida. Plaintiff, a customer in the store, was checking out some goods when she picked up the bottle of Royal Crown Cola to separate it from her own purchases. Upon picking it up, the bottle shattered in her hand propelling pieces of glass into her left eye, permanently damaging it. Plaintiff, by her amended complaint, sued Royal Crown, the bottler of the soft drink, and Neal Adams, d/b/a Neal's Grocery & Market, the retailer, alleging that the product was not safe for its intended purpose and that defendants were guilty of negligence.
The matter proceeded to a jury trial and, at the conclusion of plaintiff's case, the trial court granted Royal Crown's motion for a directed verdict, but denied a similar motion by Neal Adams. Prior to submission to the jury of the case, plaintiff voluntarily dismissed her complaint against Neal Adams. Pursuant to the directed verdict, a final judgment was entered in favor of Royal Crown. From the final judgment, plaintiff appeals.
Appellant contends that the trial court erred in directing a verdict in favor of Royal Crown and in holding that no jury question was presented on either a theory of res ipsa loquitur or breach of implied warranty. Appellee contends that the directed verdict was proper because appellant did not affirmatively show that the bottle was not mishandled after leaving the control of appellee, which showing was necessary for the doctrine of res ipsa loquitur to apply. Appellee also contends that appellant was a bystander and, therefore, could not bring suit on a theory of implied warranty because she lacked privity with appellee.
The Florida Supreme Court in Groves v. Florida Coca-Cola Bottling Co., Fla. 1949, 40 So.2d 128, stated as follows:
"It is recognized by the decisions of this court that a manufacturer of bottled beverages may be held liable for injuries resulting from exploding beverage bottles after they have passed from the possession and control of the manufacturer, even though the injured person may fail to offer any direct proof of negligence on the part of the manufacturer. Before the duty devolves upon the manufacturer [as defendant] of going forward with the evidence in such a case, however, the injured person must make an affirmative showing that after the bottle left the possession and control of the bottler it was not subjected to any unusual atmospheric changes or changes in temperature such as might have been reasonably calculated to render the bottle defective or otherwise to cause an explosion and that it was not handled improperly from the time it left the possession of the bottler up to the time of the explosion."
In applying res ipsa loquitur to "exploding bottle" cases, the Supreme Court in Groves, supra at 130, stated further as follows:
"While it is true that the law requires an affirmative showing to be made by the injured party that due care was used in the handling of a bottled beverage after it has left the possession and control of the manufacturer before the rule of res ipsa loquitur will be applicable, the law does not require that the injured person eliminate each and every remote possibility of injury to the bottle up to *588 the time of the explosion. It is enough if the evidence is such as to permit a reasonable inference in light of all the circumstances that the bottle was not accessible to extraneous harmful influences after it left the possession of the bottler and that it was handled in a reasonably careful manner by the injured person and others who may have had reason to move or touch it. (Citation omitted) When such evidence has been produced a prima facie case of negligence has been established sufficient to place the burden on the manufacturer of rebutting the presumption raised by the evidence that the explosion was the result of some defect in the bottle, improper charging or mixing of its contents, or negligent manner in its handling while in possession and control of the manufacturer."
See Burkett v. Panama City Coca-Cola Bottling Company, Fla. 1957, 93 So.2d 580; Miami Coca-Cola Bottling Company v. Reisinger, Fla. 1953, 68 So.2d 589; and Coca-Cola Bottling Company v. Clark, Fla. App. 1974, 299 So.2d 78.
The basic question in the instant appeal is whether the trial court properly granted appellee's motion for a directed verdict at the close of appellant's case. The answer to that question depends upon whether or not appellant adduced sufficient evidence during the presentation of her case to invoke the doctrine of res ipsa loquitur.
Upon a motion for directed verdict made at the close of a plaintiff's case, the moving party admits not only the facts adduced, but every conclusion favorable to his adversary fairly and reasonably inferable therefrom. McCabe v. Watson, Fla.App. 1969, 225 So.2d 346; Chowning v. Pierce, Fla.App. 1965, 174 So.2d 42; and Deese v. White Belt Dairy Farms, Inc., Fla.App. 1964, 160 So.2d 543. Applying this rule to the circumstantial evidence adduced by appellant, particularly in regard to her affirmatively showing that the bottle which exploded was not improperly handled after it left the possession and control of appellee, we are of the opinion that it was sufficient to call into play the doctrine of res ipsa loquitur. For res ipsa loquitur to be applicable, all that is needed is evidence from which reasonable persons could say that on the whole it is more likely that there was negligence associated with the cause of the exploding bottle than there was not.
In the instant case, we are of the opinion that appellant introduced sufficient evidence to preclude the trial court from saying that the jury could not reasonably infer such a conclusion. As pointed out in Groves, supra, a plaintiff is not required to do the impossible by accounting for every moment of a bottle's existence from the time it leaves a defendant manufacturer's possession and control; it is enough if he produces sufficient evidence of careful handling in general, and of the absence of unusual incidents, to permit reasonable persons on the jury to conclude that, more likely than not, the explosion was due to the defendant's negligence.
Because we have decided that the doctrine of res ipsa loquitur applies in the instant case, we are led to the conclusion that the trial court erred in granting appellee's motion for a directed verdict at the close of appellant's case. However, this opinion should not in any way be construed as commenting on the ultimate outcome of this matter. Further, having reached this decision, it is unnecessary for us to consider the other points raised on appeal by appellant.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is reversed.
Reversed.