PER CURIAM.
A trial judge has broad discretion over the management of a trial; “the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct....” Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 699, 77 L.Ed. 1321, 1324 (1933). Applying this rubric to the case at bar, we conclude that appellants have failed to demonstrate an abuse of discretion in the trial court’s refusal to conduct a mid-trial interrogation of an individual juror. The alleged non-verbal actions of the juror would not support a reasonable doubt as to the juror’s fairness or impartiality. Cf. Loftin v. Conner, 45 *604 So.2d 756 (Fla.1950). We also resolve the second issue on appeal in favor of the appellee. See Brethauer v. Brassell, 347 So.2d 656 (Fla. 4th DCA 1977). Thus, the judgment is
AFFIRMED.
ANSTEAD, HERSEY and HURLEY, JJ., concur.